## Case No. 16,890.

### VARNUM et al. v. MILFORD et al.

[2 McLean, 74.] [1]

Circuit Court, D. Indiana.   May Term, 1840.

PROMISSORY NOTES—DISCHARGE OF SURETY—PAYMENT BY SURETY—EQUITABLE RELIEF.

1. If the holder of a bill, for a valuable consideration, give time to the maker of the note, he thereby discharges the surety.

[See Bank of U. S. v. Lee, Case No. 921; Same v. Hatch, Id. 918.]

2. The surety has a right to pay the note and to be substituted to all the rights of the holder, and any act of his which suspends this recourse by the surety, releases him.

3. By the laws of Indiana the surety, by giving notice to the holder, can compel him to proceed against the principal.

4. In some cases, independently of any statutory provision, the surety, by a bill in chancery, may compel the holder of the note to use active diligence.

At law.

Fletcher & Butler, for plaintiffs.
Mr. Stevens, for defendants.

HOLMAN, District Judge.   This action is founded on two promissory notes, which the declaration alledges were made by the defendants, whereby they jointly and severally promised to pay to the plaintiffs [Varnum, Fuller & Co.] the sums of money specified in said notes.   The defendant, Robert Milford, pleads that M. H. & M. M. Milford executed said notes as principal, and that he, the said Robert Milford, executed them as surety, and that after the said notes became due and payable according to the tenor and effect thereof, to wit—on the 18th of July, 1837, in consideration that the said M. H. & M. M. Milford had agreed with the said plaintiffs, to assign them, the said plaintiffs, the amount of said notes (after deducting a credit on the largest of said notes of $184 15) out of a certain judgment they, the said M. H. & M. M. Milford, were to obtain the following September, against one William Worthington, they, the said plaintiffs, without the consent of this defendant, did agree to, and with the said M. H. & M. M. Milford, to give them time upon said notes, and not to bring suit on said notes until after the then next ensuing September term of the circuit court; and that, in pursuance of said agreement, the said plaintiffs, without the consent of this defendant, did give the said M. H. & M. M. Milford time upon said notes, until after the said September term of said court, nor did said plaintiffs sue on said notes until long afterwards, to wit:

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

until the commencement of this suit, which, agreeably to the date of the writ, was the first of October, 1839.

To this plea the plaintiffs have demurred, generally; and the question presented for the consideration of the court, is, whether the facts stated in this plea constitute a legal bar to the action against this defendant. It has become a well settled principle that in actions at law, on simple contract at least, the extending of the time of payment, by a valid contract with the principal, without the consent of the surety, operates as a release of the surety, and may be pleaded by him in bar of an action for the demand. For if a creditor does any act injurious to the surety, or inconsistent with his rights, or omits to do any act, when required by the surety, which his duty enjoins him to do, and the omission proves injurious to the surety, in all such cases, the surety will be discharged; and the surety has a right, either by a bill in equity, or, by a written notice under the laws of this state, to compel the creditor to sue the principal as soon as the debt becomes due; or he may pay the debt himself when it is due, and immediately sue the principal. These are rights that are inseparably connected with his contract, and which cannot be impaired without his consent. And if the creditor, by a new and valid agreement with the principal, abridges these rights, by giving further time of payment, he absolves the surety from his obligation, and must look to the principal alone for his demand. This defence had its origin in equity, but is now admitted in actions at law. See 1 Madd. 234; Rees v. Berrington, 2 Ves. Jr. 540; 1 Story, Eq. Jur. 320, 321; Bank of U. S. v. Hatch, 6 Pet. [31 U. S.] 250. And in the case of People v. Jansen, 7 Johns. 332, it was held that there was nothing in the nature of a defence by a surety to make it peculiarly a subject of equity jurisdiction; and that whatever would exonerate a surety in one court would exonerate him in the other. See, also, 1 Blackf. 394; 2 Johns. Ch. 554; 3 Starkie. Ev. 1389, 1390; Pain v. Packard, 13 Johns. 174. The same doctrine is recognized in the case of Sprigg v. Bank of Mount Pleasant, 10 Pet. [35 U. S.] 257. Although in that case, the contract being under seal, and oyer being had of the obligation, and the defendant having executed the bond as principal, the court held that he was estopped from averring that he was only a surety. But the court admit that when the action is on a promissory note the case is different, and expressly recognize the doctrine of the case of Pain v. Packard, supra, which was a suit upon a promissory note, and the surety was admitted to plead a special request, made to the plaintiff, to prosecute the principal, and alledging a loss of the debt by reason of his neglect to prosecute. The agreement which will avail the surety as a defence to the action, must be founded on a valid consideration. A mere agreement by the holder of a bill, with the drawer, for a

delay, without any consideration for it, and without any consent of the indorser, will not discharge the latter after his responsibility has been fixed. M'Lemore v. Powell, 12 Wheat. [25 U. S.] 554; Clark v. Devlin, 3 Bos. & P. 363; Davey v. Prendergrass, 5 Barn. & Ald. 187.

In the case before the court, the plea alledges that the defendant was only a surety, and that the plaintiffs, without the consent of the defendant, agreed with the principals, that in consideration that they, the principals, would assign to the plaintiffs the amount due the plaintiffs, out of a judgment that the principals expected to obtain in a short time, that they would give time on said note and not bring suit until after the next court; and that in consequence of said agreement time was given accordingly. The consideration here alledged was a good and valid one. The assignment of the judgment was a proper subject of contract, and the agreement to assign it was a subject of value and presents a valid consideration for the time given to the principals, and rendered the agreement, to postpone the bringing of suit on the notes until after the next court, obligatory on the plaintiffs. Their right of action, for the time being, was suspended, and, agreeably to the uniform tenor of the cases on this subject, the defendant was released from his liability. It is, therefore, the opinion of the court that the plea is good.