HIRAM CORLISS *versus* SAMUEL SHEPHERD.

A debt discharged under the United States bankrupt act of 1841, is a sufficient consideration for a promise, made after the decree of bankruptcy, to pay the same demand.

A new promise to pay a debt, which otherwise would have been discharged by proceedings in bankruptcy, made after the decree of bankruptcy, and before the certificate of discharge, is valid and binding upon the party making it.

EXCEPTIONS to the Eastern District Court, REDINGTON J. presiding. A copy of the exceptions follows: —

"The writ may be referred to. Plea the general issue, with a brief statement setting forth the bankruptcy of defendant and his discharge by the District Court of the United States, &c.

"There was evidence tending to show a new promise since the bankruptcy. Whereupon the Court instructed the jury,

that it was necessary to show a new promise since the discharge of the defendant in bankruptcy; and that no prior promise would be effectual. To this ruling the plaintiff excepted."

*Dinsmore*, for the plaintiff, contended that the instruction of the District Judge was erroneous, because it went to the extent, that no promise could be availing, made prior to the final discharge in bankruptcy. If made after the decree of bankruptcy, the promise could not be filed as a claim against the effects of the bankrupt, and would not be barred by the discharge.

A promise, made after the decree in bankruptcy, and before the discharge, to pay a debt which might otherwise have been barred, is founded on a sufficient consideration, and is binding upon the party making it. He cited Eden's Bankr. 429; Cowper, 544; 2 H. Bl. 116; 1 T. R. 715; 1 Bingh. 281; 1 Stark. R. 370; 8 Mass. R. 127.

*J. A. Poor*, for the defendant, contended that the promise, being made before the discharge, if it amounted to any thing, could be proved as a claim, and therefore was barred by the statute. As the original claim could be proved, the new promise could not affect the question. The instruction, therefore, was correct. He cited, 1 U. S. Dig. 267; and 6 Hill, 246.

The opinion of the Court, SHEPLEY, TENNEY and WELLS Justices, was drawn up by

WELLS J. — This case comes before us, by exceptions to the ruling of the Judge of the District Court. The question arising in this case is, whether the action can be maintained against the defendant, upon a new promise, made by him after he was decreed to be a bankrupt, but before his discharge. If the promise had been made, after the discharge, the action is maintainable, the defendant being bound in equity and conscience to pay the debt. This obligation is a sufficient consideration for the new promise. *Besford* v. *Saunders*, 2 H. Black. 116; *Maxim* v. *Morse*, 8 Mass. R. 127.

The original debt, being proveable under the bankrupt act, the defendant was discharged from it. But the new promise, having been made after the bankruptcy, could not be affected by the discharge. That promise remains in full force.

In the case of *Thompson* v. *Hewitt*, 6 Hill, 254, and *Groule* v. *Gridley*, *ib.* 250, it is said, that the bankrupt is discharged from all debts, which he owed, at the time he presented his petition. From which we understand that debts, contracted afterwards, would not be embraced in the discharge.

If then a party would be liable, upon a new debt, arising after the petition, he would also be, upon one, accruing after bankruptcy, and neither of them would be proveable, and thereby not discharged.

A promise, to pay an existing debt, adds no new obligation, imparts no new vitality to it, but may prevent, by its recognition, any limitation from attaching to it.

But the defendant, when his promise was made, had been declared a bankrupt, and by the consummation of the proceedings, already in progress, obtained a discharge from this debt. A suit at that time by the plaintiff, to recover his debt, would have been, in all probability, unavailing. Had the promise been made before the petition was filed, it would have added nothing to the debt, or if it did, it would have been discharged with the debt. But the defendant's promise was not discharged nor was he then discharged from the original debt, but was expecting to be, and was so eventually.

The bankrupt act of 1841, allows the bankrupt the property acquired by him, after he has been decreed to be a bankrupt. *Ex parte Newhall*, 2 Story's R. 360. He may, therefore, have the means of redeeming his promises, made after bankruptcy.

By the English statutes of bankruptcy, the assignee takes all the property, which the bankrupt may acquire, before he obtains his certificate. Still he is liable, upon a new promise, made before or after his certificate is obtained, although the debt was proveable under the commission. Chitty on Con. 11, 52, 267.

In the case of *Birch* v. *Sharland*, 1 D. & E. 715, a bond and warrant of attorney to confess judgment, given by a bankrupt after bankruptcy, was held to create a new debt.

A debt due by the bankrupt before bankruptcy, is a good consideration for a subsequent promise, whether made before the certificate or afterwards, and that in the former case, it would not be barred by the certificate, and in both, the debt is revived, and is available against the bankrupt. Eden's Bankruptcy, 429. Lord Mansfield says, in *Trueman* v. *Fenton*, Cowp. 544, "a bankrupt may undoubtedly contract new debts, therefore if there is an objection to his reviving an old debt by a new promise, it must be founded on the ground of its being *nudum pactum.*"

As to that, all the debts of a bankrupt are due in conscience, notwithstanding he has obtained his certificate, and there is no honest man who does not discharge them, if he afterwards has it in his power to do so.

The defendant, not having been discharged from a new promise, and the pre-existing debt being a sufficient consideration for it, is liable in this action. When the new promise was made, the ability of the creditor to collect his debt, so far depended upon the will of the debtor, as to render the probability of success, very remote. But the case does not disclose the precise nature of the new promise. We must suppose, that it was potential in its character, as all such promises must necessarily be, to have effect, if the defendant was finally discharged. For if there were no discharge, then there could be no need of a new promise. The promise then must have been intended, to be operative only, after the discharge.

It results, that the consideration is perfected by the discharge.

The Judge of the District Court, having instructed the jury, that no promise, made prior to the discharge, would be effectual, a new trial must be granted.    *Exceptions sustained.*