## Case No. 14,028.

### TIERNAN v. WOODRUFF.

[5 McLean, 350.] [1]

Circuit Court, D. Michigan. June Term, 1852.

PRINCIPAL AND SURETY — INDORSER — EXTENDING TIME TO PRINCIPAL—BANKRUPTCY—EFFECT OF.

1. A bankrupt procured from his creditor, two months' time, within which the right to bring suit was suspended, for a valuable consideration; which was set up by the indorser as a discharge from his indorsement. In an ordinary case, this would be a discharge to the indorser.

[Cited in brief in Goodyear Dental Vulcanite Co. v. Caduc, 144 Mass. 85, 10 N. E. 484.]

2. It deprives the indorser of a right to pay the debt, and sue his principal.

3. Our bankrupt law discharged the bankrupt from all liability on the instrument—as against the indorser as well as the payee of the note.

4. The only remedy of the indorser was to present his future liability against the estate of the bankrupt. This being the case, the right of the indorser was, in no respect, prejudiced by the time given. The rule of law, therefore, does not apply in such a case.

[Distinguished in Post v. Losey, 111 Ind. 81, 12 N. E. 121.]

5. The indorser, on the notes of the bankrupt, is not discharged by the time given.

[This was an action of assumpsit by Tiernan's executors against James Woodruff.]

Mr. Hand, for plaintiffs.
Mr. Fraser, for defendant.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

OPINION OF THE COURT. This is an action on several promissory notes given by Theodore Romeyn, to the plaintiffs' testator, indorsed by the defendant. The plea sets up in defense that time was given by the plaintiffs to Romeyn. To this plea the plaintiffs replied, that at and before the alleged time was given, Romeyn was a discharged bankrupt; that the debt was proveable against his estate. Averments were added covering all the exceptions in the statute, under which it is permitted to go behind the certificate. To this replication the defendant demurred. Joinder in demurrer, &c.

On the part of the defendant it is contended, that under the authorities the defendant is discharged. It appears from one of the pleas, that he was an accommodation indorser, and this is not denied by the pleadings. It appears that after the maturity of the note, the plaintiffs entered into a sealed agreement with Romeyn, the maker, without the knowledge or consent of the indorser, and for a good consideration, to wit, a proposal for settlement made by Romeyn, and also of five dollars paid to the plaintiffs, the receipt thereof was acknowledged, the plaintiffs would not for the space of two months from the date, commence any proceeding in law or in equity or otherwise against the said Romeyn, upon all or either of the four promissory notes therein mentioned, nor sue him upon the same or either of them, &c. Great care seems to have been taken, in drawing this agreement, to cover the entire ground necessary for the discharge of the indorser. It was under seal, for the valuable consideration of five dollars paid, and suspending suit on each of the notes, &c. There is certainly no want of skill shown in drawing this agreement, and no objection can be made to it for want of form or substance. It would serve for a safe precedent in all such cases.

For the defendant it is argued that the bankruptcy of the principal cannot affect the question of law. That although the discharge takes away the legal remedy against the bankrupt, yet this exists only where he avails himself of his right. It is a mere personal privilege, which no one can set up but himself; and if not set up, judgment may be rendered against him. Also that the moral obligation on the debtor to pay still continues, and the cause of action still remains, so that it is not necessary to declare specially on a new promise to pay. That the legal effect of our bankrupt act, is the same as the English act. The provisions of both acts are substantially the same, and the English decisions are applicable here. A new promise would be binding under the English act. Chit. Cont. 190, 191; 13 Mees. & W. 34, 769; 8 Mass. 128; 5 Barnard, 369; 11 Barnard, 17, 369; 28 Me. 550; 9 B. Mon. 45; Cowp. 448. The theory of law is, that the surety cannot be prejudiced by such an agreement. He may be benefited. and yet, if time be given to the principal the surety is discharged. The case don't turn upon the fact of inconvenience or injury, but giving time for a valuable consideration, is presumed to prejudice the surety. Giving time for a day discharges the surety. 5 Pet. Cond. R. 728; U. S. v. Hillegas [Case No. 15,366]; U. S. v. Tillotson [Id. 16,524]; 7 Hill, 250.

On the other side it is urged, in the language of the supreme court of the United States ([U. S. v. Hodge] 6 How. [47 U. S.] 283): "The principle on which sureties are released, is not a mere shadow without substance. It is founded upon a restriction of the rights of the sureties, by which they are supposed to be injured." The contract for delay to effect the discharge of the indorser, must affect the rights of the indorser, or prejudice him. McLemore v. Powell, 12 Wheat. [25 U. S.] 554. In King v. Baldwin, 2 Johns. Ch. 559, Chancellor Kent says: "On paying the debt he (the surety) is entitled to the creditor's place by substitution, and if the creditor, by agreement with the principal debtor, without the sureties' consent, has disabled himself from suing when he would otherwise be entitled to sue, under the original contract, or has deprived the surety, on his paying the debt, from having immediate recourse to his principal, the contract is varied to his prejudice, and he is consequently discharged. [Bank of U. S. v. Hatch] 6 Pet. [31 U. S.] 250; s. c. [Case No. 918].

Our bankrupt law [of 1841 (5 Stat. 440)] is different from the bankrupt law of England. The latter operates by way of personal exemption from debts provable. 2 Bl. Comm. 473; 2 Maule & S. 23; 2 Com. Dig. 157; 1 Steph. N. P 689; 1 Barn. & Adol. 54; St. 37 Eliz. c. 7; 4 & 5 Anne, c. 17; 6 Geo. IV. c. 16. But our bankrupt law extinguishes the debt of the bankrupt, even against his indorser. In Mace v. Wills, 7 How. [48 U. S.] 275, the supreme court say: "The fourth section of the bankrupt law provides that a discharge and certificate, when duly granted, shall, in all courts of justice, be deemed a full and complete discharge of all debts," &c. And under the fifth section, "All creditors, whose debts are not due and payable until a future day, indorsers, &c., shall be permitted to come in and prove such debts or claims under this act," &c. And a person who neglects so to prove a liability, cannot afterward recover the amount from the bankrupt. So the court held in the above case.

In the case before us, Romeyn, the bankrupt, procured from the plaintiffs a suspension of their right to sue for two months. This agreement, being founded on a valuable consideration, was a valid contract. The indorser within that period could not pay the debt, and sue Romeyn. This, in law, prejudiced the rights of the indorser. But Romeyn was a bankrupt, what remedy was there for the indorser against the bankrupt? There was no remedy but to present his demand against the estate of the bankrupt, be-

fore it was due, under the 5th section of the bankrupt law  He has no recourse, at any time, against the bankrupt, if the proceedings were regular under which he was discharged, as alleged in the pleading, and not contradicted.  The time given to Romeyn, under these circumstances, by no possible means, could have operated to the prejudice of the defendant.  The settled rule of law, therefore, as to the effect of giving time to the principal debtor, does not and cannot apply in this case.  After the extension complained of, as well as before it, the indorser could have proved the extent of his liability against the bankrupt's estate, and that was the only remedy, which, under the circumstances, the law gave him.

The demurrer to the replication is overruled, and judgment for the plaintiffs.