# IN GENERAL TERM.

EPHRIAM BOHRING *v.* DELOSS ROOT, *et al*, appellants.

Appeal from BLAIR, Judge.

### *Promissory Note—Surety.*

*Suit against B., as surety on a promissory note executed by A., A. having been adjudicated a bankrupt.*

Defendant answered that plaintiff, without his knowledge, extended the time of payment for a consideration, and by so doing released him from further liability as surety. The plaintiff in reply declared, *First,* that no consideration was given for the extension.

*Second,* That defendant had received security from A to indemnify him against loss on this note, and that he still held such security.

*Third,* That defendant, after extension of payment, consented to, ratified, approved, and confirmed such extension.

*Held :* On demurrer to these several issues—

*First,* That if the agreement to extend the time for payment was made without any valid consideration, it did not release the surety.

*Second,* That where the surety is fully secured by property in his hands, he is estopped from objecting to any extension of time made between creditor and principal. Such security being, in effect, an appropriation by the surety of that portion of the effects of the principal to the payment of the debt.

*Third,* Where a demurrer to a paragraph of the reply has been overruled, and on the trial the issue made by such reply is found against the plaintiff, the defendant can not complain of the ruling on his demurrer.

### *Pleading—Departure in—How remedied.*

A departure in pleading can not be reached by motion in arrest of judgment, but objection must be taken advantage of, by motion or demurrer, before the issues are completed.

*Dye & Harris*, for appellee.

*N. B. & E. Taylor*, for appellants.

Newcomb, J.—Bohring sued Mahlon B. Pentecost and Deloss Root on a promissory note for $800, dated February 17, 1870, due eight months after date. The face of the note showed that Root executed it as surety for Pentecost. There was a verdict and judgment against Root alone, Pentecost having been adjudged a bankrupt by the U. S. District Court.

Root's answer set up, among other defences, that on January 31st, 1871, after the maturity of the note, and without his knowledge or consent, the plaintiff, in consideration of the sum of twelve dollars, to him paid by Pentecost, extended the time of payment of the note for the period of six months from said last mentioned day; whereby he, as such surety, was discharged, &c.

Several replies were filed to this answer, only three of which, the second, third, and sixth, need be noticed.

The *second* paragraph of the reply was, that the extension set up in the answer was given without any consideration whatever. A demurrer to this reply was overruled, which is the first error assigned. We think the demurrer was properly overruled. If the agreement to extend the time for payment was made without any valid consideration, it did not release the surety. *Halstead* v. *Brown*, 17 Ind., 202; *Kirby* v. *Studebaker*, 15 Ind., 45.

The *third* paragraph of the reply alleged that Root, on April 1, 1870, before maturity of the note, demanded and received from Pentecost, to indemnify the former against loss as surety on this and other liabilities of the latter, the negotiable note of Pentecost for the sum of $7,000, payable ten months after date, with interest, and attorney's fees, if suit should be instituted, &c., and at the same time took from Pentecost a mortgage on real estate in Marion county,

of the value of $16,000, to secure the payment of said note. It was further averred that the note for $7,000 more than equalled all the liabilities of Root as surety of Pentecost, including the note sued on, and any expenses he might be subjected to in connection therewith; and that it was sufficient and ample to fully indemnify him; that Root still held said note and mortgage, and refused to assign the same to plaintiff, or in any way give him the benefit thereof.

A demurrer to this paragraph was overruled, and the ruling thereon is assigned for error.

Was the demurrer correctly overruled?

In *Chilton et al* v. *Price et al*, 4 Ala., 224, which was a case similar, in its essential features, to the present, it was held that " the taking, by the sureties, of a deed of trust, or a mortgage, from the principal debtor, to secure them from liability, and *ample* for that purpose, is in effect an appropriation by them of that portion of the effects of the principal to the payment of the debt, and they will not be permitted to urge that they are not responsible."

This Alabama case was followed and approved in *Smith* v. *Steele*, 25 Vt., 431. We quote the following portion of the opinion delivered by Chief Justice Redfied in the latter case :

" Upon general principles, it seems to us, that so long as the surety was fully secured, by property in his hands, he should be estopped from objecting to any enlargement of the time of payment made by arrangement between the creditor and principal. If this fact is known to the creditor, it would certainly place his conduct in a very different light from what it is where no such indemnity exists. We can all see, that in such a case there can probably be no fraud in fact. And in equity (and in law, we think the rule should be the same) there is no fraud if such indemnity exists, whether known to the creditor or not. And this ground of defense for the surety, goes upon the supposed basis of fraud. 1 Story, Eq.,

§ 327. In such a case the surety is the virtual principal, and ought to be bound by every enlargement of the time of payment, quite as much, perhaps more, than on joint principals by such a contract made by one of their number and the creditors, of which there is no doubt."

See also *Moore & Barney* v. *Paine,* 12 Wendell, 123; *Cushiug* v. *Gore et al,* 15 Massachusetts, 69; *Eastman et al* v. *Foster et al,* 8 Metcalf, 19; 1 Parsons on Bills and Notes, 241.

In the light of these authorities we think the ruling of the Judge at Special Term was correct.

The *sixth* paragraph of the reply set up that after the payment of the note had been extended as alleged in Root's answer, the same was duly made known to him, and that he "consented to, and ratified, approved, and confirmed such extension." A demurrer to this paragraph was overruled, which presents the next question to be considered.

Without stopping to discuss the proposition whether a subsequent ratification by the surety of an extension of time given for a consideration, and without his knowledge, by the creditor to the principal debtor, is sufficient to revive the liability of the surety it is enough to say that in the case at bar the jury, in answer to a proper interrogatory, found against the plaintiff on the issue made by this paragraph of his reply. Consequently the ruling of the Court on the demurrer could not possibly have worked any injury to the defendant.

After the verdict the defendant, Root, moved, in arrest of judgment, for the following causes:

*First,* That the complaint was not sufficient to entitle the plaintiff to judgment.

*Second,* That the Court erred in overruling the demurrer in the third paragraph of the reply.

*Third,* That the third paragraph of the reply was a departure from the complaint.

*Fourth,* That it was shown by the special findings of the jury, that the plaintiff was entitled to a verdict only on the matters set forth in the third paragraph of the reply, and that said paragraph was a departure from the complaint, and did not entitle the plaintiff to a judgment.

There is nothing in the ojection to the sufficiency of the complaint, and we have already decided that the Court committed no error in overruling the demurrer to the third paragraph of the reply.

The reply was not, as we think, a departure; but if it had been, the error could not be reached by a motion in arrest. In *McAroy* v. *Wright*, 25 Ind., 22, it was held that an objection to a departure in pleading can be taken advantage of only by motion, or demurrer, and that it is not a cause for arresting judgment.

The judgment at Special Term is affirmed with costs.

NOTE.—If the holder of a note, for a valuable consideration, give time to the maker, he thereby discharges the surety. *Cooper* v. *Gibbs*, 4 McLean, 396; 2 McLean, 74, 99, 451.

The giving of time to the maker of a note, who is a certificated bankrupt, will not discharge the endorser, for he is not thereby prejudiced. *Tiernan* v. *Woodruff*, 5 McLean, 350.

The indulgence which will discharge an endorser must not only be on a good consideration, but for a limited and definite period. 4 McLean, 88.

It is a settled rule of law, that extending to principals further time of payment, without consideration, will not discharge the surety. See *Brightley's Digest on Federal Decisions*, page 824, on "*Discharge of Sureties*," and cases cited.

When the payee upon sufficient consideration extends the time of payment to the principal, without the consent of the surety, the latter is discharged, the payee being equitably estopped. *Dickerson et al* v. *The Board of County Commissioners of Ripley Co. et al*, 6 Ind., 128.

The payment of interest in advance is a sufficient consideration to support an agreement for further forbearance. *Same.*

An agreement with the principal, in order to release the surety in a written instrument, need not operate to release the debt. *Same.* See also *Zimmerman* v. *Judah,* 13 Ind., 286, and authorities cited.

3

An oral agreement by the payee of a promissory note with the principal maker, without the knowledge or consent of the surety, whose suretyship is known to the payee, to extend the time of payment during a definite period beyond the maturity of the paper, is valid, and releases the surety, if founded upon a sufficient consideration. *Pierce* v. *Goldsberry*, 31 Ind., 52.