COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS,
Michael Driscoll, claimant.

A warrant may issue under the St. of 1869, *c.* 415, to search for intoxicating liquors a
store kept in a dwelling-house, without the oath of one of the complainants, specified
in § 45.

COMPLAINT on the St. of 1869, *c.* 415, § 44, to the municipal
court of the city of Worcester October 13, 1870, that on said day
certain intoxicating liquors, particularly described, "were, and
still are kept and deposited by Michael Driscoll, of said Worces-
ter, in a certain store, there situate, and the cellar under the
same, on the westerly side of Spring Street, and in the same
building occupied by said Driscoll as a dwelling-house, said dwell-
ing-house being numbered thirteen on said street, and occupied
by said Driscoll, a place of common resort being then kept
therein, and which liquors are intended by said Driscoll for sale "
in this Commonwealth, " said Driscoll not being then and there
authorized to manufacture, keep for sale or sell the same in said
Commonwealth, whereby said liquors have become liable to be
forfeited." Six barrels of whiskey, three barrels of gin and four
barrels of wine were seized on the warrant ; and as the municipal
court was of opinion that their value exceeded twenty dollars,
notice was issued to Driscoll and all other persons claiming any
interest in them to appear in the superior court.

Driscoll appeared there accordingly, as claimant, and before
the jury were empanelled filed a motion, which *Pitman*, J., over-
ruled, to quash the proceedings for the reason, among others, that
" there was no affidavit authorizing the search of a dwelling-
house under said complaint and warrant, as required by the stat-
ute in such cases." On the trial, the jury found "that the liquors
described in the complaint and warrant, and seized on the war-
rant, at the time of making the complaint were owned and kept
by the said Michael Driscoll, in the store and cellar described in
the complaint and warrant, for the purpose of being sold in said
Commonwealth in violation of the " St. of 1869, *c.* 415. Judg-
ment was thereupon ordered for the forfeiture of the liquors ; and
the claimant alleged exceptions.

*M. J. McCafferty*, for the claimant.

*C. Allen*, Attorney General, for the Commonwealth.

MORTON, J.   The complaint and warrant describe the premises to be searched as "a certain store, and the cellar under the same, on the westerly side of Spring Street, and in the same building occupied by said Driscoll as a dwelling-house, said dwelling-house being numbered thirteen on said street, and occupied by said Driscoll, a place of common resort being kept therein." There was no oath or affirmation by one of the complainants, that he "has reason to believe, and does believe, that such liquor has been sold therein or taken therefrom for the purpose of being sold by the occupant, or by his consent or permission, contrary to law, within one month next before making such complaint." The question in the case is, whether a warrant is valid, issued for the search of a tavern, store, grocery, eating-room or place of common resort, kept in a dwelling-house, without such oath or affirmation.

The statute is as follows: "No warrant shall issue for the search of a dwelling-house, unless a tavern, store, grocery, eating-room or place of common resort is kept therein; and no warrant shall issue for the search of a dwelling-house unless one of the complainants makes oath or affirmation that he has reason to believe, and does believe, that such liquor has been sold therein or taken therefrom for the purpose of being sold by the occupant, or by his consent or permission contrary to law, within one month next before making such complaint, and is then kept therein for sale contrary to law by the person complained against. The complainant shall in his oath or affirmation state the facts and circumstances on which such belief is founded, and such allegations shall be recited in the complaint and warrant." St. 1869, *c.* 415, § 45.

The claimant contends, that, to justify the issuing of a warrant to search any dwelling-house, it must appear that a tavern, store, grocery, eating-room or place of common resort is kept therein, and also that one of the complainants has made the oath or affirmation above recited. It must be admitted, that, if this section stood alone, such is the most obvious construction of its language. But upon a careful examination of all the provisions

of the statute under consideration, and a review of the history of the legislation upon this subject, we are satisfied that such construction is not in accordance with the intention of the legislature.

The necessary result of the construction claimed would be, that no warrant could ever issue for the search of a dwelling-house, unless a tavern, store, grocery, eating-room or place of common resort is kept therein. The sixty-sixth section of this statute provides that " the following forms may be used in prosecutions under this act, and if substantially followed, shall be deemed sufficient to fully and plainly, substantially and formally, describe the several offences in each of them set forth." St. 1869, *c.* 415, § 66. The section then provides a form of complaint and warrant for the search of a dwelling-house in which no tavern, store, grocery, eating-room or place of common resort is kept, which contains the oath or affirmation of one of the complainants provided for in the forty-fifth section; and also a form for the search of a dwelling-house in which a tavern, store, grocery, eating-room or place of common resort is kept, which omits such oath or affirmation. The inevitable inference from these provisions is, that the legislature understood that, under the provisions of the statute of which this forms a part, a dwelling-house, used exclusively as such, might be searched, if the additional safeguard of the said oath or affirmation was exacted, and that a tavern, store, grocery, eating-room or place of common resort kept in a dwelling-house might be searched without such oath or affirmation. The difficulty with the construction contended for by the claimant is, that it renders the provisions of the sixty-sixth section upon this subject entirely inoperative. Upon this construction, the two sections are repugnant, and the provisions of the latter must be rejected as of no effect.

In the exposition of statutes, the court should take all the provisions of the act, and ascertain what the legislature intended, in order to determine the meaning and construction of any particular section. *Holbrook* v. *Holbrook,* 1 Pick. 248. *Staniels* v. *Raymond,* 4 Cush. 314. *Cleaveland* v. *Norton,* 6 Cush. 380. The manifest intent of the legislature must govern the construction,

though apt words to express that intent may not be used, or though such construction may not accord with the letter of the statute. *Commonwealth* v. *Dracut*, 8 Gray, 455. *Howard* v. *Harris*, 8 Allen, 297. Adopting this rule of interpretation, it seems to us apparent that the legislature intended to provide that a warrant might issue for the search of a tavern, store, grocery, eating-room or place of common resort kept in a dwelling-house, without requiring the oath or affirmation prescribed in the forty-fifth section, and that such oath or affirmation is requisite only when a warrant is to issue for the search of a building or part of a building used exclusively for a dwelling.

An examination of the previous legislation upon this subject tends to confirm the view we have taken. The act of 1869 is a reënactment in the same words of the provisions on this subject contained in chapter 86 of the General Statutes. These provisions were intended to be a reënactment of similar provisions in the St. of 1855, c. 215, § 25. This section provides that "if any two persons, being of full age and competent to testify, shall, before any justice of the peace or judge of any police court, having jurisdiction to try criminal causes, make complaint under oath or affirmation that they have reason to believe, and do believe, that any spirituous or intoxicating liquor, described in the complaint, is kept or deposited in any store, shop, warehouse, or in any steamboat or other vessel, or in any vehicle of any kind, or in any building or place in any city or town, by any person named in said complaint, and intended for sale in this Commonwealth by such person, such person not being authorized to sell the same or manufacture or to keep the same for sale in this Commonwealth for any purpose, under this act, or any other legal authority whatever, said justice or court, upon its appearing that there is probable cause to believe said complaint to be true, shall issue a warrant of search to any sheriff or deputy sheriff, or city marshal, or chief of police or deputy chief of police, or deputy marshal, or constable, commanding such officer to search the premises in which it is alleged such liquor is deposited, and to seize such liquor, in the vessels in which it is contained, and to keep the same securely until final action be had thereon, and to return the

warrant with his doings thereon, as soon as may be, to the justice or court that issued the warrant, or to some other justice or police court having jurisdiction in criminal cases in the place where such liquor is alleged to be kept or deposited; and if the place to be searched be a dwelling-house, used and occupied exclusively as such, and no tavern, store or grocery, eating-room or place of common resort be kept therein, such warrant shall not be issued, but no warrant shall issue for the search of any dwelling-house unless one of said complainants shall make oath or affirmation that he has reason to believe, and does believe, that such liquor has been sold therein or taken therefrom for the purpose of being sold, by the occupant thereof, or by his consent or permission, contrary to law, within the time of one month next before making such complaint, and is then kept therein for sale by the person complained against, contrary to law; and shall, in his oath or affirmation, state the facts and circumstances on which such belief is founded, and such allegations shall be recited in the complaint and warrant." This section must be construed in connection with *c.* 397 of the acts of 1855, passed at the same session, which provides forms for complaints and warrants, the same in substance as those contained in the sixty-sixth section of the act of 1869, to which we have before referred. The first part of the section provides for the issuing of a warrant, upon certain prescribed formalities, to search any store, shop, warehouse or any building or place in any city or town, the comprehensive description of the places liable to be searched clearly including a dwelling-house. It then provides, "if the place to be searched be a dwelling-house, used and occupied exclusively as such, and no tavern, store or grocery, eating-room or place of common resort be kept therein, such warrant shall not be issued." The clear implication is, that if the place to be searched is a dwelling-house, in which a tavern, store, grocery, eating-room or place of common resort is kept, such warrant, that is, a warrant upon the formalities and conditions above described, may be issued. The provision following, " but no warrant shall issue for the search of any dwelling-house, unless one of said complainants shall make " the oath or affirmation therein required, construed in view of the con

text and the provisions of *c.* 397, was intended, we think, to cover the case of a dwelling-house used and occupied exclusively as such. This is the only construction which gives effect and harmony to all the provisions of the statutes.

Upon the whole, therefore, we are of opinion that it was lawful for the municipal court of Worcester to issue a warrant for the search of the store of the claimant, though it was in the same building in which he dwelt, without requiring, as a preliminary, the oath or affirmation prescribed in the forty-fifth section of *c.* 415 of the statutes of 1869.

The other exceptions taken at the trial were not argued, and we consider them as waived. *Exceptions overruled.*