WIGGIN v. HODGDON.

A debt barred by a discharge in bankruptcy may be revived by the
debtor's promise to pay it, whether the promise is made after his dis-
charge, or before his discharge and after the filing of the bankruptcy
petition.

But it is not revived by a conditional promise.

ASSUMPSIT on a note.  Plea, discharge in bankruptcy.  At the trial of the cause before a referee, the plaintiff offered to show a promise of the defendant to pay the note made after the filing of his petition in bankruptcy and before his discharge.  The referee excluded the evidence.  On several occasions after the date of the discharge conversations passed between the plaintiff and the defendant with respect to the payment of the note, from which the plaintiff claimed a new promise.  The referee found that there was no new promise, and judgment was ordered for the defendant on the report, to which order the plaintiff excepted.

*C. H. Smith*, for the plaintiff.

*A. L. Mellows*, for the defendant.

SMITH, J.  On the first occasion, the defendant's promise was that he would pay the note "if he could get the money."  This was a conditional promise, depending upon his ability to pay.  The fact appears that he was poor and unable to get the money.  The contingency upon which the promise depended has never happened, and the debt, barred by the discharge, was not revived.  *Atwood* v. *Coburn*, 4 N. H. 316; *Betton* v. *Cutts*, 11 N. H. 170, 174; *Dodge* v. *Leavitt*, 59 N. H. 245; *Stowell* v. *Fowler*, 59 N. H. 585; *Holt* v. *Gage*, 60 N. H. 536; *Besford* v. *Saunders*, 2 H. Bl. 116.

On the second occasion, the defendant, when requested to pay the note, replied that he would "get a yoke of oxen and haul some wood, and pay it."  Both parties understood that the defendant was to haul the wood for a third party, and was to pay from money earned by the hauling.  He was unable to get the oxen, and for that reason was unable to haul the wood and earn the money.  This was not a promise to pay the note in labor or in specific articles.  The meaning of the language, viewed in the light of the defendant's poverty and of the other circumstances, is, that he would pay with money earned in a particular way, provided he should be able to earn the money in that way.  It was a promise dependent upon a contingency which never happened.

On the third occasion, when asked to pay, he declared his inability to do so.  The remark about his surety having been indemnified contained no admission of a previous subsisting debt which he was liable and willing to pay.  *Ventris* v. *Shaw*, 14 N. H. 422.

Evidence of a new promise, after the commencement of proceedings in bankruptcy and before the defendant's discharge, was excluded.  The weight of authority is, that a distinct and unequivocal promise to pay a debt provable in bankruptcy, made by the debtor after the commencement of bankruptcy proceedings, is equally binding, whether made before or after he obtains his certificate of discharge.  *Lerow* v. *Wilmarth*, 7 Allen 463; *Cook* v. *Shearman*, 103 Mass. 21; *Corliss* v. *Shepherd*, 28 Me. 550; *Otis* v.

*Gazlin,* 31 Me. 567; *Roberts* v. *Morgan,* 2 Esp. 736; *Trueman* v. *Fenton.* Cowp. 544; *Birch* v. *Sharland,* 1 T. R. 715; *Brix* v. *Braham,* 1 Bing. 281; *Kirkpatrick* v. *Tattersall,* 13 M. & W. 770; Bump Bankruptcy (10th ed.) 764; Ed. B. L. 429. The discharge takes effect not from its date, but from the commencement of the proceedings in bankruptcy, and releases the bankrupt from all debts and claims provable against his estate, and which existed on the day the petition for adjudication was filed by or against him, except such debts as are by law exempted from the operation of a discharge in bankruptcy. U. S. Rev. St., *s.* 5115. A new promise after a discharge revives the original debt. *Bank* v. *Wood,* 59 N. H. 407. The consideration of the original debt is a sufficient consideration for the promise. In an action upon a debt thus revived, the plaintiff may count upon the original debt. The new promise need not be alleged, and may be replied or given in evidence in support of the promise declared on. *Badger* v. *Gilmore,* 33 N. H. 361; *Way* v. *Sperry,* 6 Cush. 238, 241. As the discharge relates back and bars only debts existing at the time of the filing of the petition for adjudication, there can be no distinction between a promise reviving a debt made before and one made after the granting of the certificate of discharge, if made after the bankruptcy proceedings were commenced. The consideration of the original debt is the consideration for the new promise in either case. The discharge does not bar a debt contracted after the bankruptcy proceedings are commenced and before the certificate is issued. There is no distinction between a new debt thus contracted and an old debt thus revived without fraud.

In *Kirkpatrick* v. *Tattersall, supra,* it was said, " The only distinction between a promise before and after the certificate is, that in the former it may be more doubtful whether the debtor meant to engage to pay, notwithstanding his discharge under the bankruptcy : but if it is clear that he did, the promise is equally binding. A promise, also, before the certificate, is more open to the suspicion that it is tainted with illegality, and void for that reason." In *Otis* v. *Gazlin, supra,* 566, it was said, "the meaning of the promise must be, that the defendant would pay the debt and would not set up his expected discharge against it."

The evidence was admissible. The report must be recommitted for a new trial upon this point.

*Exceptions sustained.*

ALLEN, J., did not sit : the others concurred.