GRAHAM
*vs*
HUNT.

---

## Graham *vs* Hunt.

### APPEAL FROM THE FLEMING CIRCUIT.

*Bankrupts. Assumpsit.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

To this action of debt brought upon a note for $100, the defendant, Hunt, pleaded his discharge as a bankrupt, after the note became due, to which the plaintiff replied, that after the discharge, &c., the defendant "ratified, renewed, and confirmed said note in the declaration named, promised to pay it to plaintiff, and acknowledged it." A demurrer to this replication was sustained, and a judgment having been rendered for the defendant, the sole question now to be determined is, as to the sufficiency of the replication.

We do not regard the replication as averring the redelivery, re-execution or re-acknowledgment of the note. The averments, except that of the promise to pay, are general, and do not indicate the specific act intended to be relied on; and the fair conclusion is, that the promise to pay the debt is the real act relied on as a ratification, renewal, confirmation and acknowledgment. Without further criticism on the replication, we shall consider it as presenting the question whether such a promise is suf-

DEBT.

*Case 4.*

8m 7
98 466
8bm 7
104 317

*December* 9.

Case stated.

GRAHAM
vs
HUNT.

The promise of a certificated bankrupt to pay a debt due by note before his bankruptcy, will not authorize an action upon the note.

ficient to revive the right of action on the note, which it could only do by giving new obligatory force to it.

It seems to be well established that although a bankrupt debtor is discharged, by his certificate, from his previous debt, or at least from all legal obligation to pay it, he is still under a moral obligation to pay it, and that this obligation is sufficient to support a new promise. And it is said by Chitty, (1 *Chitty's Pleadings*, 40,) that the action may be upon the original consideration. This rule evidently relates to cases of simple contract, where the form of the action is the same, whether it be brought upon the original or upon the new promise, and where in fact, the new promise is not only of the same dignity and effect, but may generally be described or alledged in the same terms as the original one. Neither the rule as stated by the author referred to, nor the cases which may have conformed to it, seem, therefore, to furnish authority for the conclusion, that a specialty, or a note which, if obligatory at all, has the same force and effect, can, when once discharged, be revived by a mere parol promise to pay.

—But if the debt were due by simple contract, a promise of the bankrupt after discharged, to pay, will authorize assumpsit upon the new promise, based upon the original consideration. ARGU.

In the case of *Shiply* vs *Henderson*, (14 *Johnson's Reports*, 180, 181,) the action was indebitatus assumpsit for goods sold, and for money had and received, and to the plea of the certificate of discharge as an insolvent, the plaintiff replied substantially as in this case. The Court decided that the action was properly brought upon the original cause of action, and that the replication sufficiently averred a new promise, which supported the declaration by answering and removing the bar interposed by the plea. This was determined in analogy to the doctrine applicable to debts barred by the statute of limitations. But it is to be observed, that while the statute of limitations is founded upon the presumption of payment, and on that ground bars the remedy, the bankrupt law appropriates the assets of the debtor to the payment of his debts, and declares him to be absolutely discharged therefrom. It seems to be taking great liberty with the statute of limitations, which peremptorily bars the remedy upon the original cause of action, to say that there is no bar if the debtor promise to pay

or recognize the subsistance of the debt, and that notwithstanding the statute such promise shall be sufficient to support the action for the original cause. If this doctrine be justified by the supposition that the statute did not mean to bar a debt which had not, in fact, been paid, and if in such case the action is properly brought upon the original promise or cause of action, why is it that there must be a new promise or an acknowledgment from which the law implies a promise, and why might not the action upon the original promise, be supported by any sufficient proof of the continued subsistance of the debt? If the statute regards lapse of time merely, as evidence of payment, it makes the lapse of the prescribed period conclusive evidence in an action upon the original cause, which has slept through that period. And if, as may be admitted, a subsequent promise to pay, being a clear admission that the debt remains unpaid, has a sufficient consideration in that fact, would it not be more consistent with the statute and with the general principles of pleading to say, that this new promise should of itself be the foundation of an action, than to say that it authorizes a suit upon a previous cause of action which had been absolutely barred by the statute and without any condition or reservation which might give such effect to a new promise.

The opinion of the Supreme Court of the United States by Judge Story, in *Bell* vs *Morrison*, (1 *Peters*, 367,) supports these views, and puts, among other cases as decisive of the question, the case that the new promise, if conditional, restrains the rights of the party to its own terms, and it establishes the conclusion that the new promise is a new contract, and not the mere revival of the old one. The opinion also states the case, that if the declaration be upon a promise to the testator, the plaintiff cannot, in answer to a plea of the statutes of limitations, rely upon a promise to himself as executor.

In view of these principles it would seem that the doctrine, well established, and which we have no right to disturb, that a new promise revives a former one barred by the statute, so that the action may be maintained upon the original promise, is not fully and precisely applicable,

except in cases in which the same allegation would sub-stantially cover both promises. And if the doctrine be to the same extent applicable to the case of a promise to pay a debt barred by the discharge of the debtor as a bankrupt, it does not authorize the conclusion that a parol promise to pay such debt will revive the specialty by which it was originally secured, as that an action may be sustained upon it against the plea of discharge. The case from 14 *Johnson, supra,* is not of this charac-ter, and the rule quoted from Chitty allowing the action to be brought upon the original consideration, would throw the plaintiff back beyond the specialty, to the consideration on which it was founded. Then, as alrea-dy observed, the discharge under the bankrupt law is dif-ferent both in its character and in its causes, from the bar by the statute of limitations, and the analogy be-tween them being imperfect, any principle founded upon it should be received with great caution.

In the case of *Maxim* vs *Morse,* (8 *Mass. Reports,* 127,) to a plea of discharge as a bankrupt in an action on a judgment, the plaintiff replied a waiver of the bar, &c., by a promise to pay the amount of the judgment, and issue was taken upon the promise. The jury having found the issue for the plaintiff, the defendant's motion in arrest was overruled, and judgment was rendered for the plaintiff. This case would seem to furnish some au-thority for the replication in the present case. But it is to be observed that the defendant did not demur to the replication, but took issue on it. And his objection be-ing to some extent formal, was of course less favorably received after verdict, than it would have been before. But giving the decision in that case the full weight of a precedent, we are of opinion that it is more than coun-terbalanced by the case of *Field's estate,* (2 *Rawle,* 356,) and by the principles and authorities before adverted to. In the case of *Field's estate,* it was expressly decided that a promise to pay a specialty debt, which has been dis-charged by a certificate of bankruptcy, does not revive the original debt as a debt by specialty, and that the ori-ginal debt is merely a consideration, which renders the new promise available. On the authority of this deci-

sion directly in point and placed by the Court upon sound and stable grounds of principle and authority, we are of opinion that the replication in the present case is insufficient, and that the demurrer was properly overruled.

Wherefore, the judgment is affirmed.

*Cord* for appellant; *Boyd* for appellee.

