ASSUMPSIT.

*Case.* 15.

## Egbert *vs* McMichael.

ERROR TO THE ANDERNSON CIRCUIT.

*Assumpsit. Bankrupts.*

*December 21.*

*Case stated.*

JUDGE SIMPSON delivered the opinion of the Court.

EGBERT AND HACKLEY were indebted to McMichael in the sum of one hundred and twelve dollars, by note, payable on the first day of January, 1842. After the note became due, Egbert, upon his petition, filed for the purpose in the proper Court, obtained a discharge as a bankrupt, by which he was released from all legal liability for this debt.

This action of assumpsit was brought against him by McMichael, on an alleged promise made by him to pay

it, after his discharge in bankruptcy, the debt at the time being still due and unpaid.

The first question is as to his liability on this promise. The doctrine is too well settled, to require a reference to authorities to sustain it, that a discharged bankrupt, although under no legal liability for the payment of his previous debts, is under a moral obligation to pay them, which forms a sufficient consideration to support and render obligatory a promise made by him to do it. Such a promise, however does not revive his liability upon the note, or enable the creditor to bring a suit upon it, as this Court has decided, in the case of *Graham* vs *Hunt*, (8 *B. Monroe*, 7.) Being liable alone upon the new promise, the suit must be brought upon it; and an action of assumpsit is therefore the appropriate remedy.

As the note itself is *prima facie* evidence that it was executed for a valuable consideration, an allegation in the declaration of its existence, and that the debt remained unpaid, and of a promise by the defendant, in consideration thereof to pay it, is sufficient. It is not necessary for the plaintiff in such a case, to aver the original consideration, or to rely upon it as the foundation of the defendant's promise.

The most important question in this case, however, is, in regard to the sufficiency of the plaintiff's evidence to maintain his action.

He proved the execution of the note by the defendant, and introduced evidence conducing to prove that the following credit, entered on the back of the note was in the defendant's hand writing, viz: "Received on the within, eleven dollars, this 28th February, for my account for groceries;" and read the note and said credit endorsed thereon as evidence to the jury.

He also proved by a witness, that the defendant, in the year 1844, in his own store in the presence of the plaintiff, remarked "that he was paying off his old British debts—that he owed plaintiff one, and Saffell one, and these were the only two he intended to pay— that the plaintiff's was as good a debt as any he, plaintiff, had—that he had paid a part of it, and intended to pay it when he was able." The witness also sta-

---

EGBERT
*vs*
McMICHAEL.

A discharged bankrupt is liable upon his promise made after his discharge, in an action of assumpsit to pay a debt from which he has been discharged by his bankruptcy, but not to a suit upon the note. *Graham vs Hunt*, (8 *B. Monroe*, 7.)

It is sufficient in such case to allege a promise in consideration of such previous indebtedness by a note, (the note is evidence of consideration therefor,) and that it remains unpaid.

The expression of an intention by a bankrupt to pay a debt from which he had been discharged by a proceeding in bankruptcy, when he was 'able' though made in presence of the creditor, did not authorize a verdict for plt'ff, on a promise alleged to be absolute and unconditional.

ted that these remarks were addressed to another individual and not to the plaintiff, and that the plaintiff at the time was getting some groceries from the defendant. This was all the evidence the plaintiff adduced upon the trial.

The counsel for the defendant then moved the Court to instruct the jury, upon the evidence, to find a verdict for the defendant, as in the case of a nonsuit, which motion the Court overruled; and the jury found a verdict for the plaintiff. We think the motion for a nonsuit should have prevailed. The promises set out in the plaintiff's declaration, are absolute and unconditional. To maintain his action in the form in which it was brought, it was incumbent on him to have proved an express and unconditional promise by the defendant to pay the debt. This he failed to do. The evidence did not justify such a conclusion. We do not deem it necessary to determine whether a conditional promise to pay when he was able, might or not be inferred from this evidence. But we consider it perfectly manifest, that by no rational deduction can it authorize the conclusion that the defendant had made an express and unqualified promise to pay the debt, without reference to time or ability.

If the defendant's promise was conditional, it should have been so averred by the plaintiff in his declaration: (6 *Dana*, 248; 7 *Johnson's Rep.* 36; 8 *Johnson's Rep.* 407.)

Wherefore, the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.

*J. & W. L. Harlan* for plaintiff; *J. D. Hardin and Kavenaugh* for defendant.