Spalding, J.
The action is brought by the personal representative of the payee against the maker of a sealed note. A count •on a promise to the intestate is. joined in the declaration with a count on a promise to the administrator. This is good pleading. Mr. Chitty says: “It is frequently necessary to add a set of counts on promises to the plaintiff, in his representative capacity, in order to admit of evidence of a promise or acknowledgment to the plaintiff, to take the case out of the statute of limitations.” 1 Chit. Pl., 7 Amer. ed. 438.
The promise to the administrator could be given in evidence under the common counts. In Williams v. Dyde, Peake’s N. P. *285 Cas. 68, a subsequent promise by a bankrupt, after he was discharged by his certificate, was allowed to be given in evidence *upon a count for goods sold, and a plea of discharge under his certificate.
Although there seems to be a marked distinction between the effect produced upon a debt by the operation of the statute of limitations, and a certificate of discharge in bankruptcy, a subsequent promise by the debtor, is held sufficient, in either case, to overcome the plea, and entitle the plaintiff to recover on the original ground of action. The running of the statute of limitations does not discharge the debt. It only suspends the remedy on the presumption that the debt is paid. By an acknowledgment of the debt, or a new promise to pay, that presumption is removed, and the remedy is restored.
In bankruptcy, a debt is discharged by the operation of the certificate, and a note or bond becomes functus officio. 5 Mass. 509. The words of the statute are: “And such discharge and certificate, when duly granted, shall, in all courts of justice, be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under this act. United States Statutes at Large, 440. In Roberts v. Morgan, 2 Esp. 736, Eyre, C. J., says: “ A debt barred by a certificate, under a commission of bankruptcy, by a new promise to pay it, becomes a new debt.” Lord Mansfield also says: “Where there has been a new promise after the discharge, the bankrupt is liable as on a new contract.” Douglass, 192. And in Truman v. Fenton, Cowp. 544, the same learned judge says: “ The moral obligation uniting to a new promise, makes a new undertaking and agreement.” In Walbridge v. Harroon, 18 Vt. 450, Williams, C. J., says: “In bankruptcy, the debt is discharged, and the new promise alone gives the action.”
Aliter.—Thompson, C. J., in Shippey v. Henderson, 14 Johns. 180, where he says: “ A subsequent promise can only revive a precedent good consideration, the remedy having been suspended by the discharge.”
However much jurists may have differed as to the effect of a bankrupt’s discharge upon the original indebtedness; whether *it worked an extinguishment of the debt, or only a suspension of the remedy, it is very clear that a long train of authorities in England and America has settled the rule that a plaintiff, *286 declaring on the original cause of action, may overcome the plea of bankruptcy, and recover his debt upon parol proof of a subsequent promise to pay the same.
I find but one well-defined case to the contrary, and the synopsis of that, as taken from the U. S. Digest for 1849, is as follows:
“ The parol promise of a certificated bankrupt to pay a debt due by note or specialty, before his bankruptcy, will not authorize an action upon the note or specialty.” Graham v. Hunt, 8 B. Mon. 7.
This volume of reports is missing from the State Library; and I have not been able to procure it from the private libraries of the city. The troublesome question is, how can a plaintiff declare upon, and recover for a debt that has been discharged? Ought he not rather to declare upon a new promise of the bankrupt debtor? Lord Ellenborough answers in Leaper v. Tatton, 16 East. 423 : “It is the common practice to declare on the original contract, and if the statute be pleaded, the only question is, whether the defense given by it has been waived.”
Marcy, J., in Depuy v. Swart, 3 Wend. 141 says: “ It is well established, that the plaintiff may declare on the original cause of action. The inconsistency of making the new promise the basis of the action, and at the same time allowing the plaintiff to declare upon the antecedent debt, which has been discharged, or the remedy upon it barred, has been often presented to the courts of England and this country; and although it has been sanctioned, it has been, looked upon as a deviation from the general rule, requiring a plaintiff to state in his declaration the agreement, or whole cause of action whereon his suit is brought. . . .
“ The replication setting up this contract has not been considered a departure, because it is not entirely a new matter ; *it derives that which is necessary to support its consideration from the old debt. The issue is, in fact, upon the new contract, and the note given on the old contract is only brought into view as furnishing the consideration which the plaintiff must show for the new promise. The note, in my opinion, has no valid existence for any other purpose.”
As an individual member of this court, I should feel better satisfied with the establishment of a rule that required the suit to be predicated upon the new promise; for, I must confess, the reasoning of the judges in the cases examined, has failed to convince me that *287 the practice was sound in its inception, whatever it may have become by long-continued usage.
That a new promise is in law available to sustain a recovery upon an old contract, extinguished by an act of bankruptcy, I do not for a moment doubt. But to give a satisfactory reason for this well-established rule, is a work of more difficulty. The only tolerable explanation, to my mind, is that made by Lord Ellen-borough, in 16 East, and that was a case where the statute of limitations was pleaded, I think “the bar,” whether founded upon this statute or upon bankruptcy, is a strict personal privilege, and susceptible of being waived by a new promise.
The learned court in Massachusetts, that tried the case of Maxim v. Morse, 1 Mass. 129, reasons in this wise upon the subject: “ The inconsistency objected in this case, is in appearance more than in reality. A good collateral fact was put in issue, on which a regular judgment may be entered in the action. The pleadings are very similar to those which frequently arise under the statutes of limitation. The defendant pleads what is prima facie a legal bar to the plaintiff’s demand; the plaintiff replies other matter, which shows the defendant bound as well by law as in conscience, to pay the debt—and this matter is found for the plaintiff. There remains no reason why he should not have his judgment on the verdict.”
The action was debt on a judgment. The defendant pleaded his certificate in bankruptcy in ■ bar. The plaintiff replied a ^subsequent promise to pay the debt. The defendant rejoined that he did not make the promise, etc.; upon which issue the jury returned that the defendant did promise, as alleged in plaintiff’s replication, and. found the amount of the debt to be ninety dollars. The defendant moved an arrest of judgment, on the ground that the plaintiff had misconceived his action ; and that it ought to have been in case upon the defendant’s promise, in stead of debt upon the judgment. McKinley v. O’Keson, 5 Barn (Pa.), 369, is to the same effect.
This court will yield to the weight of authority on this subject, and hold with the English courts, and the courts of most of the states in this Union, that a new promise, after a certificate of bankruptcy, may be given in evidence to support a recovery, although the plaintiff may have declared upon the original cause of action, without noticing the subsequent promise. At the sama *288 time it will be mindful to exact that measure of proof which will show the promise, on the part of the bankrupt, to have been distinct and unequivocal. A vague or conditional promise, or a mere acknowledgment of the debt, will not make him liable. 8 Humph. 510; 12 Smedes & Marsh. 492; 9 Ala. 322.
The case of Hill v. Henry, 17 Ohio, 9, cited by counsel for plaintiff in error, owes its decision to the peculiar phraseology of section 5 of the act of 1831, for the limitation of actions. It has no bearing on the questions arising in this case.
The judgment of the court of common pleas will be affirmed, with costs.
Hitchcock, C. J., was absent.