CASE 31—PETITION EQUITY—JUNE 29.

# Warren vs. Perry.

5bu447
d104 318
104 319

APPEAL FROM BATH CIRCUIT COURT.

1. On the defendant's plea of the statute of limitations in an action on a merchant's account, which was barred by the statute, it was incumbent on the plaintiff, to maintain his allegation of a new promise, to prove either an express promise or such an acknowledgment as would imply a promise.

2. Both the statute of limitations and payment being plead by the defendant, the evidence of payment was weakened by evidence of a subsequent promise, as the presumption of the promise was weakened by the specific facts tending to the presumption of payment. In that state of case the circuit court erred by refusing to instruct the jury

that on the issue of payment they should consider the facts conducing to prove payment; but admitted those facts for the purpose only of rebutting the evidence of a subsequent promise to pay.

3.  An unqualified acknowledgment, without more or less, if clearly and satisfactorily proved, will be sufficient to imply a promise to pay; but the implication may be repelled by any act or circumstance indicating that, nevertheless, there was no intention unconditionally to waive the statute. (*Head's ex'r vs. Manners' adm'r*, 5 *J. J. Marshall*, 256.)

4.  Whether an offer to pay in cattle or horses implied an unconditional promise to pay, ought to have been left to the jury for their decision; "but, instead of leaving that question to the jury, the circuit court in this case instructed, in effect, that the acknowledgment implied a promise to pay in money or paper currency." *That instruction, peremptory and unqualified, was erroneous.*

B. D. LACY and
———— APPERSON,                          For Appellant,
                        CITED—
    4 *Mon.*, 37; *Hord vs. Lee.*
    *Hardin*, 301; *Bell vs. Rowland.*
    1 *Bibb*, 443; *Harrison vs. Handly.*
    5 *J. J. Mar.*, 256; *Head's ex'r vs. Manners.*
    1 *Peters*, 351; *Bell vs. Morrison.*
    4 *Met.*, 49; *Barbareux vs. Barker.*
    *Civil Code, sec.* 132.
    9 *Sergt. & R.*, 128; *Fries vs. Boisselet.*
    14 *Sergt. & R.*, 195.
    8 *Cranch.*, 72; *Clementson vs. Williams.*

N. P. REID and
J. M. NESBIT & R. GUDGELL,                For Appellee,
                        CITED—
    *Civil Code, sec.* 347.
    1 *Met.*, 83; *Ferguson vs. Fox's adm'r.*
    *Hardin*, 301; *Bell vs. Rowland.*
    1 *Bibb*, 443; 2 *Bibb*, 285; 3 *J. J. Mar.*, 32.
    7 *J. J. Mar.*, 431; 5 *J. J. Mar.*, 261.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

To an action on a merchant's account, brought more than a year after it become demandable, the appellant pleaded payment, and also the statute of limitations, on each of which an issue was submitted to a jury for trial.

The issue as to limitation was, whether, after the bar, the appellant, as charged, had promised to pay the account; and, to maintain that affirmative allegation, it was incumbent on the appellee to prove either an express promise, or such an acknowledgment as would imply a promise.

On the question of the alleged new promise, there being no express promise, two witnesses testified that they heard the appellant acknowledge to the appellee that the account was just and still unpaid; and inquiring of him whether he would take cattle or a horse, the appellee responded that he would take nothing but "*grcenics*," and that if he would not thus pay, he would sue him; to which the appellant made no reply. Another witness testified, that, at or about the same time, he heard the appellant tell the appellee that he had paid the account, and would pay no more.

On the question of payment, facts conduced, in some degree, to prove payment; and thus the jury had some evidence of payment, and some of an acknowledgment of non-payment.

In that state of case, the circuit court refused to instruct the jury, that, on the issue of payment, they should consider the facts conducing to prove payment; but admitted those facts for the purpose only of rebutting the evidence of an implied subsequent promise to pay; and instructed the jury, that if they believed that alleged promise, there could be no presumption of payment; and also, that if they believed that the appellant

had acknowledged his continuing indebtedness, they *must* find against him.

On these facts and rulings the jury returned a verdict for the amount of the account, and the court rendered a judgment against the appellant accordingly.

The instructions were rather ambiguous and misleading. The jury had an equal right to try each of the contradictory issues; and though the evidence of payment conflicts with that of the subsequent promise, yet the latter did not, as the circuit court rather seemed to assume, preclude the application of the other to the issue of payment, as well as to that of a new promise to pay. But evidence of payment was weakened by evidence of a subsequent promise to pay, as the presumption of the promise was weakened by the specific facts tending to the presumption of payment; so that the jury ought to have weighed all the facts on each issue, and to have been so clearly instructed to that effect as to be relieved from all confusion and misapprehension. But the instructions, altogether, as given, might have confused and misled the jury. On that ground they were exceptionable. But the specific instruction, that if they believed that the appellant *acknowledged the debt, the law implied a promise, and there could be no presumption of payment, was essentially erroneous.*

On the question of a subsequent acknowledgment, the facts are far from conclusive, either that such acknowledgment was made, or that it was so made as to imply a promise to pay.

As said by this court in the case of *Head's ex'x vs. Manners' adm'r,* 5 *J. J. Marshall* 256, it might have been well doubted whether, as an original question, a promise to pay a debt, barred by the statute of limitations, should be implied from a simple acknowledgment of the contin-

ued subsistence of the debt. But as therein concluded, on the score of mere authority, we now, from still longer recognition, repeat, that an *unqualified* acknowledgment, *without more or less, if clearly and satisfactorily proved,* will be sufficient to imply a promise to pay. But the implication may be repelled by any act or circumstance indicating that, nevertheless, there was no intention *unconditionally* to waive the statute and to pay. The careful and analytical opinion, *supra,* has been followed without deviation or question in this State; and, tested by the principles defined in that case, the question, whether the acknowledgment relied on in this implied an unconditional promise to pay, ought to have been left to the jury for their decision. If left free, they might, perhaps, have decided that the accompanying intimation by the appellant, that he would pay in cattle or horses, and his silence, under the threat of a suit, that, unless he would pay in United States currency, implied that he would not pay money in any form, and if sued for money, he would plead the statute of limitations; and such a finding could not have been set aside as unauthorized.

But, instead of leaving that question to the jury, the circuit court instructed, in effect, that the acknowledgment implied a promise to pay in money or paper currency. That instruction, peremptory and unqualified, was erroneous.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.