JUDGE PETERS
delivered the opinion of the court.
This action was brought by the plaintiff below on a writing signed by appellant in the following words:
“ Having sold a part of the ground leased to W. H. Stokes to or for the German Opera-house, on Fourth Street and Chest- ' nut Street, I agree, if the sale is confirmed, to pay to said Stokes one thousand dollars in cash; and he is to retain possession of the balance of the ground under lease, free of charge, till the *280 1st of June, 1870. The improvements on the ground under lease being the property of said Stokes, as stated in my lease t0 Mm' R. A. Johnson.
Louisville, October 9, 1869.
Attest: J. P. Marshall.”
The plaintiff in the court below alleges in his petition in substance that by said contract the defendant covenanted to pay him (the plaintiff) one thousand dollars “when” the said sale in the contract mentioned was confirmed; that the defendant at the time the “above contract was executed had negotiated a sale of a certain part of the property described in said contract to the Louisville Saengerbund; and that sale was the sale mentioned in said contract, and the confirmation therein mentioned was the confirmation of that sale by the parties thereto, which confirmation plaintiff alleges was made on the 9th day of October, 1869, as will appear by a deed bearing that date, which (as he states) is recorded in Deed-book 145, page 255, in the clerk’s office of the Jefferson County Court.” And he further alleges that the defendant “has wholly failed to keep his said contract,” but has broken it in this, to wit, that, although “ the sale has been confirmed, the defendant has wholly failed and refused to pay to this plaintiff the said sum of one thousand dollars, or any part thereof, although plaintiff has demanded the same of the defendant since the confirmation of said sale.” “Plaintiff alleges that by reason of the said breach of the contract above by the defendant he (the plaintiff) has been damaged, and the said defendant has damaged him in the sum of one thousand dollars,” and concludes with a prayer for judgment for one thousand dollars, with interest from the 9th of October, 1870, and costs.
After appellant’s demurrer to the petition had been overruled he filed an answer, and by agreement of the parties the *281 law and facts were submitted to tbe court without the intervention of a jury; and judgment having been rendered against appellant for the sum claimed in the petition, with interest from the 9th of October, 1870, till paid, and costs, he has appealed to this court.
Whether the facts stated in the petition constitute a cause of action against appellant is the primary question in the cause, and its correct solution depends upon a proper understanding of the instrument sued upon; for unless its meaning is ascertained the legal responsibility of the parties thereto can not be determined.
The following recitals in the writing are simple, and readily understood by all who read it, and may aid in the correct interpretation of parts of the instrument more difficult to understand: 1. Before said writing was executed appellant had sold a part of the land which he had leased to appellee for the German Opera-house; 2. That the lease had not then expired; 3. That appellee was in the actual possession of all the ground for which he held appellant’s lease, including that part sold by him for the German Opera-house.
If appellant had sold a part of the land thus encumbered, the question naturally arises, what meaning the parties attached to the words “if the sale is confirmed”?
The theory of the counsel for appellee is that the confirmation provided for was a confirmation of the sale by the parties to that sale, and the allegation of the petition is that the confirmation was made on the 9th of October, 1869, by a conveyance of the land made that day by appellant to his vendee. That theory is neither consistent nor satisfactory. The sale was made before the contract was entered into by appellant and appellee, and the conclusion is altogether logical that the deed was made when the terms of the sale were agreed upon, and that conclusion is strengthened by the failure of appellee to allege that the sale was confirmed by the making of the deed *282 after the writing sued on was executed. Moreover, if the parties intended that the one thousand dollars should be paid when the sale was consummated by a conveyance, they were very unfortunate in the selection of words to express that intention. They could much more clearly have expressed their meaning by saying “when the title is perfected or a conveyance is made.” But for parties to a sale of real estate, consummated by a conveyance, to covenant for a future confirmation or ratification of that which had already been perfected, would be useless and unavailing, and such a construction certainly would never be given to a writing if it was susceptible of a more rational one.
In this case it appears that appellant had made an absolute conveyance of a part of the land leased to appellee; that conveyance, as between appellant and his vendee, invested the latter with the right to the immediate possession; but, as appellee was in possession, and under his lease had a right to retain it for some months thex’eafter, it was necessary for appellant to arrange with his tenant in order to avoid a breach of his covenant with his vendee; or, in other words, it was incumbent on him to secure the confirmation of his sale by a surrender of the possession of his tenant to his vendee; and as we construe the contract or writing sued on, he covenanted to pay appellee one thousand dollars on condition (for the word' “ if” implies a condition) that he (the appellee) would ratify the sale by a surrender of the possession of the part sold. And the correctness of this construction is rendered certain by the insertion of the following words in the contract: “And he (referring to appellee) is to retain possession of the balance of the ground under lease,” etc. If he was only to retain possession of the balance of the ground under lease and unsold, surely he was to surrender the possession of that which had been sold.
~We therefore conclude that in declaring on the writing *283 appellee should have alleged that he had confirmed the sale, and stated the facts to show how he had confirmed it, or have stated facts showing a sufficient legal reason for not doing so; and having failed to make such averments, the petition does not contain facts sufficient to constitute a cause of action.
Wherefore the judgment is reversed, and the cause is remanded with directions for further proceedings consistent with this opinion.