CASE 39—ACTION ORDINARY—SEPTEMBER 23.

## Chism v. Barnes.

APPEAL FROM MONROE CIRCUIT COURT.

1. MOTION FOR NEW TRIAL—CERTAINTY REQUIRED.—In a motion for a new trial a statement "that the verdict or decision is not sustained by sufficient evidence or is contrary to law" is too vague and uncertain to raise any question for decision.

2. SAME—INSTRUCTIONS.—"Error of law occurring at the trial and excepted to by the defendant at the time," is sufficient to raise the question of error in giving or refusing instructions.

3. PRACTICE—FILING BILL OF EXCEPTIONS.—When a party was given until February 4 to prepare and file a bill of exceptions and no order appears showing that the bill was tendered at that time, but an order entered on the eighth recites, "The bill of exceptions heretofore tendered by the defendant on a former day of the present term having been examined by the court was signed, sealed and enrolled and ordered to be filed and made a part of the record," etc., the Court of Appeals will indulge the presumption that the bill was tendered in time.

4. ACTION ON PROMISE TO PAY NOTE BARRED BY LIMITATION—INSTRUCTION.—In an action based on a promise to pay a note barred

Chism v. Barnes.

by the statute of limitations plaintiff can not recover, unless the
defendant made a clear, absolute and unconditional promise to
pay the debt; and it is, therefore, error to instruct the jury that
the plaintiff can recover upon proof that defendant orally or in
writing acknowledged the note as a subsisting debt or demand ·
against him.

D. R. CARR, M. T. FLIPPIN AND W. L. PORTER FOR APPELLANT.

    (No brief on file.)

BASIL RICHARDSON FOR APPELLEE.     '

1. The bill of exceptions was not filed in time and can not be con-
sidered.  Padgett v. Mays, 2 Ky. Law Rep., 213; Linden v. Had-
dix's Admr., 4 Ky. Law Rep., 633; Civil Code, sec. 334; Freeman
v. Brenham, et. al., 17 B. M., 603.
2. The grounds for a new trial are too general to raise any question.
McLain v. Dibble, 13 Bush, 297; Slater v. Sherman, 5 Bush, 206;
L., C. & L. R. R. Co. v. Mahony's Admx., 7 Bush, 235; Carlin v.
Baird, &c., 11 Ky Law Rep., 932; L. & N. R. R. Co. v. Coniff's
Admr., 16 Ky. Law Rep., 296; O. V. R. & M. Co. v. Thomas, &c.,
9 Ky. Law Rep., 508; O. V. R. & M. Co. v. Kuhn, 9 Ky. Law Rep.,
467; Sellars v. C., N. O. & T. P. Ry. Co., 16 Ky. Law Rep., 833.

BOLES & DUFF ALSO FOR APPELLEE.

    If the motion and grounds for a new trial be sufficiently specific
the verdict was not against the weight of evidence.

SHERMAN SPEAR ON SAME SIDE.

1. The instructions were as favorable to appellant as he had any
right to claim.
2. The promise took the case out of the statute of limitations.

·BASIL RICHARDSON FOR APPELLEE IN A PETITION FOR A REHEAR-
ING.

    A promise to pay a debt barred by the statute of limitations is
not like a promise to pay a debt barred by a discharge in bank-
ruptcy.  Graham v. Hunt, 8 B. M., 7; Bell v. Rowland's Admr.,
Hardin, 309; French v. Frazier's Admr., 7 J. J. M., 425; Head's ·
Exr. v. Manners' Admr., 5 J. J. Mar., 255; Harrison v. Handley, 1
Bibb, 443; Ditto, &c., v. Ditto, &c., 4 Dana, 502; Warren v. Perry,
5 Bush, 447; Clay's Admr. v. Clay, 7 Bush, 95; Crouch's Admr. v.

Crouch, 5 Ky. Law Rep., 899; Trousdale's Admr. v. Anderson, 9 Bush, 276; McRoberts v. Hays, 15 Ky. Law Rep., 400; Jones v. Talbert, 13 Ky. Law Rep., 303; King v. Nichols, 12 Ky. Law Rep.. 293; Cecil v. Welch, 2 Bush, 168; Am. & Eng. Enc. of Law, vol. 13, 749.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The petition in this action reads as follows: "The plaintiff, R. M. Barnes, alleges that on the 12th day of March, 1866, the defendant, A. H. Chism, by his written promissory note, which he on said day executed and delivered to this plaintiff, promised and agreed one day thereafter to pay plaintiff the sum of $500, but has paid no part thereof, except the sum of $100, paid March 14, 1867; and said note, subject to said credit, is now due and unpaid. Said note, in words and figures, is as follows: '$500.00. Due R. M. Barnes, borrowed money, five hundred dollars. Value recd. 12th March, 1866. A. H. Chism,' —and is filed herewith as part hereof. Plaintiff alleges that in August, 1889, and repeatedly since said time, and within less than five years last past, the defendant, A. H. Chism, has agreed and promised to pay said debt, and has repeatedly recognized said note and debt as a subsisting debt since the same has been barred by the statutes of limitations by reason of the lapse of more than fifteen years, since the last payment on said note. Now plaintiff, in this behalf, recognizing the fact that the note is barred by the said statutory presumption of payment, does not rely on the note as his cause of recovery, but says that he is entitled to a recovery on the new promise; and upon the same he brings his suit, and asks judgment for the sum of $500, with interest from March 12, 1866, until paid, subject to a credit of $100, paid March 14, 1867. Wherefore plaintiff sues, and relies on said

new promise to support the original debt, and prays judgment for said original debt, as stated, and interest and costs, and for all proper relief." The answer of the defendant is a denial that he promised in August, 1889, or repeatedly since, or at any time or at all, to pay the note sued on; denies that he has repeatedly or at all recognized said note as a subsisting debt since same has been barred by the statute of limitation. It is further denied that plaintiff is entitled to recover on the alleged new promise, for the reason that he never made any new promise; and relies on the statute of limitations as a bar to the original note. The reply is, in substance, a denial of the answer. A trial resulted in a verdict and judgment in favor of plaintiff for the amount claimed, and appellant's motion for a new trial having been overruled, he has appealed to this court.

The grounds for a new trial are as follows: (1) That the verdict or decision is not sustained by sufficient evidence, or is contrary to law; (2) error of law occurring at the trial, and excepted to by the defendant at the time. It may be conceded that the contention of appellee is correct, so far as the first ground relied on for a new trial is concerned, and that the same is too vague or uncertain to present any question for decision, but it seems to us that the second ground is sufficient to raise the question as to error of the court in regard to giving or refusing instructions.

It is further contended by appellee that there is no legal bill of exceptions, for the reason that none appears to have been filed until after the fourth day of the February term, 1896, of the Circuit Court; the court having previously given appellee until said time to prepare and tender the bill of exceptions. It will, however, be seen

that the court entered a further order on the 8th day of February, 1896, to-wit: "The bill of exceptions heretofore tendered by the defendant on a former day of the present term, having been examined by the court, was signed, sealed, and enrolled, and ordered to be filed and made a part of the record; and the defendant prayed an appeal to the Court of Appeals, which is granted." The legal presumption is that the bill of exceptions had been tendered within the time allowed, and was held up by the court for examination; hence it follows that the bill of exceptions is properly before this court. The only testimony introduced by the plaintiff was his own deposition and that of Mr. Spears. The only portion of Barnes' deposition which at all tends to support his cause of action is a letter filed by him and written by appellant, which letter is as follows: "Tompkinsville, Ky., August 7, 1889. Mr. R. M. Barnes, Mt. Sterling, Ky.—Dear Sir: I rec'd your letter to-day in regard to what I am owing you and am sorry I can't pay you anything now, for the reason that a short time ago our town was set on fire by a lot of thieves, and 19 houses burned and I· had the misfortune to lose everything I had. It left me with about 75 cents or a $1.00 and since that time I have been working by day's work for a living. Now Mr. Barnes, I am working at a pension and I surely will get it and if I do and get enough to pay you, you may look for your money. I would like very much to see you and all that I know in your town, but I have such poor health and am so poor that unless I get my pension money I do not know that I will ever see any person outside of this county. My atty. says I will get my pension this winter. Twice since I saw you I have tried to save up enough to pay you and twice I have been set as flat as any person you ever heard of.

Hope you are in best of health, also, your family. I am able to walk around but not well. I am resptly., A. H. Chism."

G. S. Spears testified as follows: "I received the note sued on by mail in the spring of 1893, and a letter from plff., authorizing me, as an atty., to collect this note from deft. I saw deft. in a few days after I got the letter and note, 1893. He told me he would come to my office and, see about it. In a few days he came to my office, in 1893, and said he was not able to pay all the note, but that the note was all right, and that he had given it to plff. He offered to give me his individual interest in a tract of pasture land of about ten acres near town, which he and W. G. Hughes owned jointly, and also his interest in a tract of timber land in Monroe county, and said he could not pay more on it, and that this must be taken in full settlement of the debt. I then told deft. I would write plff., and inform him of this proposition. I did write to plff., and he wrote me not to accept the proposition. I then refused to have anything further to do with it, and plff. directed me to send it to another atty., and I did sent it to A. W. Scott." The appellant testified as follows: "I heard Mr. G. S. Spears testify in this action, and what he stated is correct in substance. I called on Basil Richardson, also, to know what he and Spears were going to do with the note; and he said, if I would give up the land referred to by Spears, and $300, he would release me of the debt. I then told him that I would not do it, as I was getting old and in poor health, and did not know that I would ever have $300. I was getting a pension at the time I wrote the letter to plff. I had reference to an increase, in my letter to plff." The

deposition of Barnes, together with the letter filed, is not embodied in the bill of exceptions; but, if we concede that it is properly before the court, yet it seems to us, taking all the testimony introduced by plaintiff together, that it was not sufficient to authorize the giving of instruction No. 1, given by the court, which instruction is as follows: "Unless the jury believe from the preponderance of the evidence that the deft. in writing acknowledged the note in evidence as a subsisting debt or demand against him, or promised to pay same, within 15 years next before the filing of this action, or orally acknowledged the same as a subsisting demand against him, or promised to pay same, within five years next before the filing of this action, the jury will find for the defendant." It will be seen from the foregoing instruction that the jury were authorized, under the instruction, to find for plaintiff if they believed from the evidence that the defendant, in writing, acknowledged the note as a subsisting debt or demand against him, or orally acknowledged the same as a subsisting demand against him. In this case the only ground upon which a recovery could be had was upon a promise to pay the debt in question after it had been barred by the statute of limitation. That the note was barred is admitted in the pleading, and a recovery sought alone upon the ground of a promise to pay same. The doctrine is well settled that a promise to pay a debt barred by the statute, or from which the debtor has been discharged in bankruptcy, must be clear, absolute, and unconditional; and yet the jury were told in the instruction that they might find for plaintiff, if they believed that defendant had acknowledged the debt as a subsisting demand. The question under consideration was discussed at some length by this court in Tolle

v. Smith's Ex'r, 17 Ky. Law Rep., 1063, [33 S. W. 410]. The plaintiff in that case sought to recover in an action against Tollee upon a promise to pay a debt from which Tollee had been discharged in bankruptcy. The court, in discussing the question, said: "The only issue made by the pleadings was on the alleged promise, and upon the trial of it, the verdict being for plaintiff, defendant moved for a new trial upon the ground the court erred in giving and refusing instructions, and that the verdict is contrary to the evidence. It has been settled by this court that although a debtor, upon being adjudged a bankrupt, becomes discharged from all legal liability to pay prior debts, he still remains under a moral obligation to pay that will support a new promise. Graham v. Hunt, 8 B. Mon. 7; Egbert v. McMichael, 9 B. Mon. 45; Carson v. Osborn, 10 B. Mon. 155. It has been also held that such promise, though made dependent upon a contingency, as to 'pay when able,' may be enforced. But in such case the ability to pay is the essence of the undertaking, and must be satisfactorily proved; otherwise no judgment can be rightfully rendered against the debtor. Mason v. Hughart, 9 B. Mon. 480; Eckler v. Galbraith and Lail, 12 Bush, 71. In this case, however, no allegation was made nor evidence offered to prove defendant's ability to pay the debt sued on. Consequently, as the pleadings stand, the plaintiff is not entitled to recover without proving the promise to pay was, as said in Egbert v. McMichael, 9 B. Mon. 45, absolute and unconditional, or, in language used in Allen v. Ferguson, 18 Wall. 1, clear, distinct, and unequivocal; and authorities agree that proof of acts or circumstances indicating an intention to pay will not be sufficient, unless the promise actually made is, in terms and meaning, unconditional and unequivocal; and it has

been distinctly held that mere partial payments of a
debt from which the debtor has been discharged as a bank-
rupt will not avail to show that such promise was made,
and thus fix a liability, unless the promise itself be ab-
solute and unconditional. The plaintiff in this case tes-
tified as a witness that, as executor, he made of defend-
ant demand on the note, and was told by him that he
would pay it as soon as he could. We see no difference
between that promise and one of the debtor to pay as
soon as able, for neither amounts to an unconditional
promise, or is absolute and unequivocal in terms. An-
other witness testified defendant directed him to pay the
testator, John C. Smith, the sum of $4, and charged him
(witness) particularly to see that the holder of the note
entered the credit thereon. That occurrence might au-
thorize an inference that defendant intended to pay the
debt, but does not alter or add to the meaning or effect
of the promise proved to have been made, which must
be in language admitting of but one interpretation." For
the reasons indicated the judgment is reversed and re-
manded, with directions to award appellant a new trial,
and for proceedings consistent herewith.

On November 16th response to petition for a rehearing
was delivered by Judge DuRelle.

The petition for rehearing is based upon a distinction
between a new promise to pay a debt barred by the stat-
ute of limitations and a promise to pay a debt from which
the debtor has been relieved by discharge in bankruptcy,
and the cases of Trousdale, Adm'r, v. Anderson, 9 Bush,
279, and Warren v. Perry, 5 Bush, 450, are especially relied
on. But the evidence in the case at bar does not come with-
in the ruling of either of those cases. In Trousdale v. An-
derson the rule was thus stated: "It therefore follows

that, in order to take a case like this out of the statute, there must be an express promise to pay, or an unqualified acknowledgment that the debt is a subsisting debt, which the party is willing to pay; and this promise or acknowledgment must be made to the party to whom the debt is owing, or his agent authorized to collect or control it." In Warren v. Perry, Chief Justice Robertson stated the law as follows: "As said by this court in the case of Head's Ex'x v. Manner's Adm'r, 5 J. J. Marshall, 256, it might have been well doubted whether, as an original question, a promise to pay a debt, barred by the statute of limitations, should be implied from a simple acknowledgment of the continued subsistence of the debt. But as therein concluded, on the score of mere authority, we now, from still longer recognition, repeat that an *unqualified* acknowledgment, *without more or less; if clearly and satisfactorily proved*, will be sufficient to imply a promise to pay. But the implication may be repelled by an act or circumstance indicating that, nevertheless, there was no intention unconditionally to waive the statute and to pay." The evidence in this case neither shows an express promise to pay, nor an unqualified acknowledgment that the debt is a subsisting debt, which the party is willing to pay; nor does it show an "unqualified acknowledgment, without more or less." On the contrary, the letter of Chism, while acknowledging the indebtedness, couples that acknowledgment with a qualification that, if he got a pension, and got enough to pay the debt, Barnes might look for his money, which necessarily rebuts any implication of an unqualified promise to pay. The same remarks apply to the evidence of Spear, appellee's attorney, as to an acknowledgment of the debt; for Spear distinctly stated that the acknowledgment was coupled with an offer of compromise, and a

distinct statement that appellant could not pay more on it, and that the compromise proposed must be taken in full settlement of the debt. Nothing in the letter, in the testimony of Spear, or in that of the appellant, was sufficient to authorize the instruction given, by which the jury were told that they might imply a promise to pay from the acknowledgment recited in the testimony. The petition for rehearing is overruled.