CASE 27.—ACTION BY ANN B. COX'S EXECUTOR AND OTH-
        ERS AGAINST  SUE E. WALKER IN WHICH CEN-
        TRAL  UNIVERSITY  IS MADE  A PARTY DEFEN-
        DANT.—January 18, 1910.

## Central University of Ky. v. Cox's Exr., &c.

Appeal from Spencer Circuit Court.

CHARLES MARSHALL, Circuit Judge.

From the judgment Central University of Ky. appeals.—Reversed.

Bills and Notes—Construction of Note—Fulfillment of Conditions.
    —The husband of plaintiff's testatrix executed a note for $1,-
    000 payable at his death or the death of his wife, if she survived him, if there was enough of his estate then left to pay
    it. By his will he left all his property, subject to the payment
    of his debts, to his wife who survived him. When the wife
    died, she left an estate of some $22,000, much of it the identical property left by her husband, all of which she disposed of by will. Held, that the note was a valid claim
    against the estate of the wife.

P. J. BEARD for appellant.

BURNETT & BURNETT and WILLIS & TODD for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

On July 30, 1889, Joseph B. Cox, a resident of Spencer county, Ky., executed and delivered to the curators of Central University of Kentucky the following note: "$1,000.00.   Taylorsville, Kentucky, July 30, 1889.   I promise to pay to the curators of the Central University one thousand dollars ($1,000.00) to be paid at my death, or at the death of my wife, should she survive me and provided there is enough of my estate not disposed of to meet this subscription." Joseph B. Cox died in the year 1894, leaving a last will and testament, which was duly probated in the Spencer county court.   The will was executed on November 3, 1891, and is as follows:

"In the name of God, Amen, I, Joseph B. Cox, of Spencer county, Kentucky, do make this my last will and testament as follows, to-wit:

"First—I desire my debts, if any, and funeral expenses paid.

"Second—I give to my wife, Ann B. Cox, all my estate of every kind to be hers forever, to use, manage and dispose of as she thinks proper.

'Third—I appoint my wife Ann B. Cox, executrix of this will, and desire the court to permit her to execute bond without surety.   I desire my nephew, James H. Beauchamp, my wife's nephew, to assist her in managing the estate.

"Witness my hand this 3rd of November, 1891.

"JOSEPH B. COX."

Ann B. Cox, the sole devisee under the will, thereafter qualified as executrix.   She lived until the year 1899, when she died in Spencer county, Ky., leaving a last will and testament which was duly probated in the county court of that county.   By her will she directed that all of her just debts and funeral ex-

penses be first paid. After making a number of bequests to various relatives and servants, she directed that the remainder of her estate and silverware should be equally divided between her two nieces, Emma Graham and Sue B. Shore. She also appointed L. W. Ross as executor of her will. Thereafter he duly qualified.

This action was instituted by said L. W. Ross, as executor of Ann B. Cox, and by Sue B. Shore and Emma Graham, against Sue C. Walker, for the purpose of settling the estate under the direction of the court. By amended petition the appellant, Central University of Kentucky, was made a party defendant, and called upon to set up any claim it had against the estate. Thereupon the appellant filed an answer, counterclaim, and cross-petition, setting up the note above referred to. It appears from the answer, counterclaim, and cross-petition of appellant that the latter is the successor of Central University of Kentucky and of Centre College, and is therefore entitled to sue upon the obligation in question. It is also charged that Joseph B. Cox owned property at the time of his death that was reasonably worth $22,000; that he devised his entire estate to his wife, Ann B. Cox, subject to the payment of his debts; that the estate owned by Ann B. Cox at the time of her death consisted of the estate that had been devised to her by her husband, Joseph B. Cox; that the realty which she devised was the same realty devised to her by her husband; and that the bank stock coming into the hands of her executor was the same bank stock that was owned by Joseph B. Cox in his lifetime and devised to her in his will. It is further charged that both at the death of Joseph B. Cox and at the death of Ann B. Cox there was enough and more than

enough of the estate of Joseph B. Cox not disposed of to meet, pay off, and discharge the obligation of $1,000 and its accrued interest. The answer, counterclaim, and cross-petition concludes with a prayer for judgment against L. W. Ross, as executor of the estate of Ann B. Cox, for the amount of the note, with interest from the date of the death of Ann B. Cox, and asks that appellant be adjudged to have a lien upon a tract of land described therein and upon the bank stock referred to. A demurrer was filed to the answer, counterclaim, and cross-petition of the Central University of Kentucky and sustained. The latter declining to plead further, its answer, counterclaim, and cross-petition was dismissed. From that judgment this appeal is prosecuted.

The rule is well settled that a promise may be conditional; that is, that the performance may be due, not immediately, but after the lapse of time or the happening of a future event. Such event may be of a certain or uncertain nature. 9 Cyc. p. 615. In the case of Mason, etc. v. Hughart, 9 B. Mon. 480, Hughart had become insolvent and had been discharged in bankruptcy from the payment of his debts. Thereafter he made a promise to Mason, etc., to pay the debt from which he had been discharged "when he should be able to do so." This court said: "It is a promise dependent upon a very uncertain contingency, which may never occur, yet it is one which has been enforced. In the case of Kingston v. Wharton, 2 Serg. & R. [Pa.] 208 [7 Am. Dec. 638], the promise was precisely of this character, and there was judgment for plaintiff." In the recent case of Chism v. Barnes, 104 Ky. 317, 47 S. W. 232, 875, it was held that a promise to pay when able could be enforced, although made upon a contingency. We, therefore,

conclude that the note sued upon, no other defect appearing therein, is valid, although payable only in the event of an uncertain contingency. All that was necessary in order to show its right to recover thereon was for appellant to allege, and prove, if denied, that the condition upon which the note was payable had taken place. Talbott v. Stemmon's Executor, 89 Ky. 222, 12 S. W. 297, 5 L. R. A. 856, 25 Am. St. Rep. 531; Eckler v. Galbraith & Lail, 12 Bush 71; Stainton, etc. v. Brown, 6 Dana 248.

The only question, then, is whether or not the facts alleged show that all the conditions upon which the note was payable had been fulfilled. By the terms of the note it was payable on the death of Joseph B. Cox if he survived his wife, but, if she survived him, upon her death; and in no event, however, was the contract of subscription to be a binding obligation unless there was enough of Joseph B. Cox's estate not disposed of to meet the subscription. The lower court took the view that the expression in the note "not disposed of" meant "not disposed of in any manner whatever," and he therefore concluded that, as Joseph B. Cox had disposed of the property by will and his wife thereafter disposed of the same property by her will, there was not enough of Joseph B. Cox's estate not disposed of to meet the subscription. We conclude, however, that the language of the note should be construed so as to give it effect, if possible. The record shows that Joseph B. Cox and his wife, Ann B. Cox, had no children. It is evident that he wanted to make a subscription in the cause of education. It will be presumed that he did not intend to do a vain thing. Nor did he intend to mislead and deceive those to whom the obligation was given. If he intended the obligation not to be valid

in case he or his wife disposed of it by will, he could not have executed the obligation under such circumstances except for the purpose of deceiving appellant. The obligation was executed in 1889.  His will was executed in 1891.  He must have executed his will for the purpose of invalidating the obligation, and this purpose must have been in his mind at the time he executed the note.  When we consider the language of the note in the light of the circumstances surrounding the maker, and the purpose for which it was made, we conclude that he meant that the obligation should be binding if there remained any of his estate, after the death of himself and wife, which was not expended, used, or consumed in their lifetime, and this was sufficient to pay the obligation; in other words, he reserved to himself and wife the right to use, spend, and consume the estate, and did not intend that the obligation should interfere with them in the emjoyment of his property.  If after their death there was enough property to pay the obligation, he evidently intended that it should be paid, and not that he and his wife should defeat this subscription by disposing of his property by will.  That being the case, the wife received the property subject to the payment of the note in question, provided she did not use, consume, or spend the estate during her lifetime.  As the answer, counterclaim, and cross-petition shows that the estate so devised, was practically intact at the death of the wife, when the obligation became due, the divisees under her will took the property subject to the payment of the note in question.  In reaching this conclusion we are satisfied that we are carrying into effect the intention of Joseph B. Cox, who believed that he was making a genuine subscription to the cause of Presbyterian

education, and who did not wish the subscription to be defeated, unless it became necessary for him and his wife to consume the property during the lifetime of either. It follows that the demurrer to the answer, counterclaim and cross-petition should have been overruled.

The judgment is therefore reversed and cause remanded for further proceedings consistent herewith.