ANNIE M. SLINEY *vs.* ERNEST J. CORMIER AND CATHERINE G. CORMIER.

JANUARY 10, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J. The action is assumpsit to enforce a written agreement made by the defendants with one Mary McCarthy. The grounds of demurrer to the declaration are (1) that the agreement was testamentary and not properly executed as a will; (2) that it was not such an agreement for the benefit of a third person as would be enforced in a suit by the beneficiary. The demurrer was sustained. Plaintiff's exception to this decision is the only question raised in the bill of exceptions.

The agreement is as follows:

### "AGREEMENT.

"Agreement entered into this eighteenth day of November in the year of our Lord one thousand nine hundred and fourteen by and between Mary McCarthy and Ernest J. Cormier and Catherine G. Cormier, all of the City and County of Providence in the State of Rhode Island.

"WITNESSETH: First. The said Mary McCarthy does hereby loan the said Ernest J. Cormier and Catherine G. Cormier the sum of one thousand dollars for the period of six years from the date hereof at the rate of six per centum per annum payable every six months at the residence of said Mary McCarthy when due.

"Second, At the end of six years from date, should I in the meantime depart this life the said sum of one thousand dollars shall be paid by the said Ernest J. Cormier and Catherine G. Cormier to my lawful husband, Daniel P. McCarthy during his lifetime of said City, County and State at his residence in Providence, Rhode Island, and the interest payable semi-annually as aforesaid, in the event of my decease shall be payable to him the said Daniel P. McCarthy when the same becomes due from time to time under this agreement.

"Third. Should I depart this life pending this agreement and should my said lawful husband Daniel P. McCarthy depart this life pending this agreement, then the said interest accruing from time to time hereunder together with the principal of one thousand dollars due and payable six years from the date hereof, the same shall then become the property of Annie Sliney, my lawful niece resident at the City of Hartford in the State of Connecticut, which title shall vest in the principal and interest of said sum upon the death of the survivor of myself and the said Daniel P. McCarthy, my lawful husband aforesaid.

"In witness whereof we have subscribed our signatures and affixed our seals to these articles of agreement on this eighteenth day of November in the year of our Lord one thousand nine hundred and fourteen at Providence, Rhode Island.

| Signed and sealed in the | her |
| presence of | MARY x McCARTHY |
| MARIE C. McAVAY | mark |

ERNEST J. CORMIER
CATHERINE G. CORMIER."

Plaintiff avers that the loan was made pursuant to the agreement; and that November 19, 1920, by agreement of Mary McCarthy with defendants the agreement was extended for a period of six years.

Mary McCarthy and her husband died before the end of the extended time for payment. This suit was begun after the loan was due, defendants having refused to make payment to the plaintiff.

The question whether the instrument is testamentary or contractual is to be decided by the character of its contents rather than from its title or any formal words with which it may begin or conclude. If it is a contract, its binding force comes from the meeting of the minds of the promisor

and the promisee; whereas, if it is of a testamentary character, its binding force, if any, comes from the fact that it is the last expressed purpose of the maker with respect to the disposition of her property after her death. *Cawley's Appeal*, 136 Pa. St. 628. The language of this instrument, except in the subscription clause, is Mary McCarthy's. By the terms of the instrument the interest and the principal of the loan were to be paid to Mary McCarthy if she was living when any payment was due. If she died before maturity of the loan, her husband, if living, was to receive the interest from time to time and the principal sum at maturity; but if both she and her husband deceased before maturity of the loan, *then* any interest payable thereafter and the principal sum was to become the property of and the title thereto was to vest in her niece, the plaintiff. In ascertaining whether a written instrument was intended to operate as a will or otherwise, words which may not change the legal effect of the instrument, and therefore may be immaterial on the question of construction, may be significant in the determination of the character of the instrument. *Smith* v. *Eason*, 49 N. C. 34. The phraseology of this instrument inclines to that more commonly used in a will than in a contract. The provision that title shall vest in plaintiff "my lawful niece . . . upon the death of the survivor of myself, and the said Daniel P. McCarthy my lawful husband aforesaid" is suggestive of a testamentary intention. It is clear that plaintiff had no property in the legal sense, in either principal or interest, at the time the instrument was executed. At most her interest then was in the nature of an expectancy. The extension of the agreement without reference to the plaintiff was a practical construction of the contract by the parties; and if the meaning of the instrument was at all doubtful, such action by the parties is admissible to show their intention. *Phetteplace* v. *B. & F. Marine Ins. Co.*, 23 R. I. 26; *Hassett & Hodge* v. *Cooper*, 20 R. I. 585. It is clear that it was the intention of promisors and promisee that the right to control the pay-

ment of the loan should remain in Mary McCarthy so long as she lived. The fact that the loan was payable on the death of the survivor of husband and wife is not decisive of the question. It is well settled that a promissory note payable on a designated person's death is valid. 7 Cyc. 598. Likewise a deed delivered to a third person to be held until the grantor's death, and then to be delivered to the grantee, is an effective conveyance of title to the grantee, if the delivery by the grantor is absolute and the grantor does not retain any right of control thereof. *Johnson* v. *Johnson*, 24 R. I. 571. As Mary McCarthy retained control of the debt during her lifetime and plaintiff was not to have any title thereto until the death of Mary, the proposed gift to plaintiff was of a testamentary character. The agreement so far as plaintiff is concerned was intended to operate as a will. As it was not executed in accordance with the requirements of General Laws, Chapter 298, "Of Disposal of Property by Last Will," it cannot be allowed to have the effect of a will and hence the attempted gift to plaintiff was ineffective. *Prov. Inst. for Savings* v. *Carpenter*, 18 R. I. 287.

It is not necessary to consider the other grounds of demurrer.

The plaintiff's exception is overruled. The case is remitted to the Superior Court with direction to enter judgment for the defendants.

*Frank H. Bellin, Samuel Temkin*, for plaintiff.

*Patrick P. Curran, Hoyt W. Lark, Curran, Hart, Gainer & Carr*, for defendant.