CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS v. SCARBOROUGH.

No. 4187.

United States Court of Appeals
Tenth Circuit.

May 10, 1951.

Rehearing Denied June 5, 1951.

Leon Sarpy, New Orleans, La. (Ray, Quinney & Nebeker, and Albert R. Bowen, all of Salt Lake City, Utah, and Chaffe, McCall, Toler & Phillips, New Orleans, La., on the brief), for appellant.

James William Jones, Jr., Natchitoches, La., for appellee.

Before BRATTON, HUXMAN, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The plaintiff, as administrator of the estate of Eliza J. Holt, brought this action against the Church of Jesus Christ of Latter Day Saints, hereinafter referred to as the Church, to recover $7000 which was on deposit with the Church pursuant to the terms of an instrument executed by the parties on August 9, 1929. This appeal is from a judgment in favor of the plaintiff.

On about April 1, 1926, Charles E. Holt deposited with the Church in the State of Utah the sum of $7000. Holt died in 1929 and his widow, Eliza J. Holt, a resident of Louisiana, became the owner of the $7000 and made claim to the same. A representative of the Church went to Louisiana to discuss the matter with Mrs. Holt and her attorney, and the above mentioned instrument resulted. It provided that the funds should remain on deposit with the Church under the conditions set forth in that instrument, with the ownership remaining in Mrs. Holt. The amount was to bear interest at the rate of 5% per annum payable semi-annually on the 1st day of April and the 1st day of October of each year throughout the life of Mrs. Holt. The Church also agreed to pay 4% per annum from April 1, 1926, to October 1, 1929. It further provided: "It being especially understood and agreed herein, that any neglect or default in the payment of any maturing interest, as herein stated, then at the option of the said Mrs. Holt, this agreement to be abrogated and annulled, and the entire amount of principal of Seven Thousand Dollars to be returned to the said Mrs. Holt, immediately and all accrued interest." The instrument concluded with this language: "And it is agreed that on payment of the interest as herein stipulated, the said principal shall become the property of the said Church of Jesus Christ of Latter Day Saints and under onerous donation, at the time of the death of the donor, Mrs. Eliza J. Holt." There were phrases in the instrument appearing to be of a testamentary character or which indicated that a gift may have been intended.

The parties agree that the provisions of the instrument do not amount to a testamentary disposition or a gift under the laws of Louisiana. We have then to consider only the question of whether the instrument was a binding contract between the parties whereby the deposit became the property of the Church upon the death of

Mrs. Holt. The instrument is ineptly drawn. Inappropriate and inconsistent phrases relating to the disposition of the property are used throughout. However, it seems clear to us that the only reasonable construction to give the instrument is that the parties intended a contract whereby the Church was to keep the $7000 intact and on deposit, pay 4% interest on the same from April 1, 1926, to October 1, 1929, and thereafter pay 5% interest to Mrs. Holt during her lifetime in consideration of which the principal sum of $7000 should become the property of the Church at her death. It created a present obligation and was not subject to revocation. The Church kept the money on deposit and made the required interest payments, paying a total of $7805 to Mrs. Holt during her lifetime. The fact that testamentary verbiage or terms indicating a gift were used would not prevent the instrument from becoming a binding contract if the parties so intended. Manchester v. Loomis, 191 Iowa 554, 181 N.W. 415, 420; Baker v. Syfritt, 147 Iowa 49, 125 N.W. 998, 1003; Church of Christ Home for Aged, Inc. v. Nashville Trust Co., 184 Tenn. 629, 202 S.W.2d 178, 182; Sliney v. Cormier, 49 R.I. 74, 139 A. 665. We think in this case the terms were used to emphasize the intention of the parties that the fund was to become the property of the Church if it made the required payments. It is true that title to the fund remained in Mrs. Holt but clearly this was to protect her in case of default in interest payments. All the essential elements of a contract being present, it is binding upon the parties even though the passing of title to the deposit was postponed until death. Robinson's Women's Apparel v. Union B. & T. Co., D.C.N.Y., 67 F.Supp. 395; Howe's Estate, 31 Cal.2d 395, 189 P.2d 5, 1 A.L.R.2d 1171, anno. p. 1178; In re Lewis' Estate, 2 Wash.2d 458, 98 P.2d 654, 127 A.L.R. 628; Bergman v. Ornbaun, 33 Cal.App.2d 680, 92 P.2d 654; Compton v. Westerman, 150 Wash. 391, 273 P. 524; Patterson v. Chapman, 179 Cal. 203, 176 P. 37, 2 A.L.R. 1467, anno. p. 1471; Miller v. Allen, 339 Ill.App. 471, 90 N.E.2d 251; Duemer v. Duemer, 86 Ohio App. 192, 88 N.E.2d 603; Innes v. Potter, 130 Minn. 320, 153 N.W. 604, 3 A.L.R. 896; DeLapp v. Anderson's Adm'r, 305 Ky. 336, 203 S.W. 2d 389; Central University of Ky. v. Cox's Executor, 136 Ky. 260, 124 S.W. 299; McKnight v. Cornet, La.App., 143 So. 726; In Succession of Ravain, 168 La. 413, 122 So. 274; 57 Am.Jur., Wills, Sec. 40, p. 67.

The judgment is reversed and the cause remanded with instructions to enter judgment for the defendant.