(No. 11887.—Decree affirmed.)

J. WARREN YOUNG *et al.* Appellees, *vs.* BELLE PAYNE *et al.* Appellants.

*Opinion filed April 17, 1918—Rehearing denied June 6, 1918.*

1. DEEDS—*a deed otherwise valid is not void because made in lieu of a will.* The statement in a deed of trust by which a trust is created to continue after the death of the grantor, that the deed is made in lieu of a will, will not render the instrument void as a testamentary disposition of property, where the deed contains all of the requisites to constitute a valid conveyance of real estate under the statute and is duly executed, acknowledged and delivered.

2. SAME—*reservation of life estate in grantor indicates present conveyance of future estate.* Where a fee is granted with a reservation of an estate in the grantor for his life, such reservation creates a strong presumption that the deed is intended to take effect immediately as a present conveyance of the future estate, and where the grantor reserves no power for further disposition of the fee the deed is relieved of its testamentary character.

3. SAME—*deed void as testamentary disposition must be void as a whole.* A deed is to be construed as a whole and must stand or fall as such, and if it is intended as a will and is void as a testamentary disposition of a portion of the property it will be void as to all property embraced in the attempted conveyance.

4. SAME—*when deed naming grandchildren as remainder-men is sufficient.* A deed of trust by which a trust is created during the lifetime of the beneficiary and a remainder in fee is given to the grandchildren of the grantor who survive the beneficiary is sufficient without further description of the remainder-men, and upon the termination of the trust such grandchildren will become seized of the legal as well as the equitable estate in remainder.

APPEAL from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

JESSE E. HOFFMAN, for appellants.

W. B. LEACH, and BARRY & MORRISSEY, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a decree of the circuit court of McLean county ordering partition of a tract of land embracing about 100 acres, situated in sections 14 and 15, in township 23, north, range 2, east, in that county. The sole question presented is as to the proper construction of the deed by which James B. Price conveyed the land to George W. Price as trustee, and to his successors in trust, for the benefit of Charles Luther Price, and upon his death to the grandchildren of the grantor living at the time of the death of Charles.

The deed is dated December 12, 1877, and appears to have been duly executed, acknowledged and delivered. The material parts of the deed are as follows:

"This indenture witnesseth, that the grantor, James B. Price, of the county of McLean and State of Illinois, desiring to make provision for the support and maintenance of his son, Charles Luther Price, after the death of said grantor, and moved by consideration of love and affection for his said son, Charles Luther Price, and of one dollar in hand paid by George W. Price, doth hereby convey and warrant to George W. Price, as trustee, and to his successors in trust, all of the county and State aforesaid, the following described real estate, to-wit: [Description of real estate, including that in controversy.]

"It is intended by this deed to set apart, convey and vest title in said trustee and his successors in trust for the use, benefit and behoof of said Charles Luther Price, all that part of said tract of land which lies east and south of

the LaFayette, Bloomington and Mississippi railway, except the one acre for burial purposes and the three-fourths (¾) of an acre deeded absolutely to George W. Price, and the title to the burying ground and the tract lying between the right of way of said L., B. & M. Ry. and the right of way of the I., B. & W. Ry., aforesaid, is to be vested in said trustee and his successors in trust, charged with perpetual trust of the care, protection, maintenance and oversight of the burial grounds aforesaid.

"It is hereby distinctly understood that the grantor herein reserves to himself, absolutely, the right to use, manage and control, rent and cultivate, as he may desire, so long as he may live, all of the lands aforesaid to be burdened and charged with trust aforesaid, and to pass into the hands and control of the said trustee and his successors in trust only after the death of said grantor.

"If the said George W. Price should not be alive at the time of the death of the said grantor, the judge of the county court of said McLean county, in the State of Illinois, (in which said county all said lands are situated,) is hereby declared successor in trust and trustee in the premises, with full power in the premises, to him and his successors in office, to appoint successors in trust to manage and control said tract of land between said rights of way of said I., B. & W. and L., B. & M. railways, for the purpose of maintaining, keeping in repair and beautifying said burial grounds. And in case of the death of said George W. Price before the said grantor, the same successor in trust shall take charge of the said tract set apart for the said Charles Luther Price and shall manage and control the same for the sole benefit, use and behoof of said Charles Luther Price so long as the said Charles Luther Price shall live, and at the death of the said Charles Luther Price the said lands to be held in trust for him shall be equally divided between the grandchildren of the grantor who may be alive at the time of the death of the said Charles Luther Price,

unless the said Charles Luther Price should die before the said grantor, in which event this instrument shall be void in so far as the trust aforesaid and this deed concerns the said Charles Luther Price. * * *

"This conveyance is made at this time in lieu of a will and obviates the necessity of proceedings in court in the premises, the grantor desiring to make proper provisions for the support and maintenance of his son, Charles Luther Price, and to provide for the preservation of the said family burial ground, where the grantor desires to be buried whenever he may depart this life."

James B. Price died in 1880, and George W. Price, the trustee, took charge of the property under the deed of trust and collected the rents and applied the same in support of Charles Luther Price, as provided by said deed. George W. Price later resigned as trustee, and successors in trust were from time to time appointed by the circuit court of McLean county. Charles Luther Price died in February, 1917. At the time of his death the following grandchildren of James B. Price were living: J. Warren Young, Anna Triplett, Charles Price, Scott Price, Perry Price, J. Miner Price, Belle Payne and Adah Popple. At the time of his death James B. Price also left him surviving the following great-grandchildren: Rachel, Dorothy and Ina M. Harber, Edith H. Wright, Kitty Graves and Dan Price. Appellant Henrietta Price is the widow and sole devisee of one of James B. Price's children.

The court in its decree found that the homestead estate to the value of $1000 did not pass by the deed of December 12, 1877, and that all of the heirs-at-law of the grantor were entitled to partition of such premises. No question is raised as to this part of the decree. The decree also found that by the terms of said deed the lands vested in the above named grandchildren of the grantor living at the time of the death of Charles Luther Price and ordered partition of the same among them. From this decree Henri-

etta Price and the great-grandchildren of the grantor, who are excluded from any interest in said real estate except as to the homestead estate, have perfected their appeal to this court.

The principal ground urged for a reversal of the decree is that the deed is testamentary in character and as such void as a deed. With respect to this proposition appellants state their position as follows: "It is appellants' claim that no matter what may be the legal effect of the provisions referring to the support and maintenance of the son, Charles Luther Price, as to passing a present title to the trustee for that purpose, this incidentally expressed desire of the grantor as to the after-disposition of the property neither grants a present estate nor limits a future remainder in the said grandchildren, but, on the contrary, this paragraph is wholly testamentary, without operative words either of grant or limitation, and is of no effect unless the paper is probated as a will of the grantor." In support of this contention it is urged that the deed shows it was made in lieu of a will and is testamentary in character; that the grantor refused to relinquish his control of the property until his death, and provided that if Charles Luther Price should die before the grantor the instrument should be void,—which, in effect, left the title and control of the premises in the grantor, the same to all intents and purposes as if no deed had been executed.

While it is true, as the deed states, that it was made in lieu of a will, yet such statement would not render the deed void as a testamentary instrument. As a matter of fact, most deeds of trust by which a trust is created to continue after the death of the grantor may be said to be, in a sense, testamentary in character and made to avoid the making of a further disposition of the property involved in such trust by will, but such provision, so far as we are advised, has never been held to render an otherwise valid instrument void as a testamentary disposition of property, nor do we

think such provision in this deed had that effect. The instrument contains all of the requisites to constitute a valid conveyance of real estate under our statute,—a grantor and grantee, coupled with a valid consideration and apt words of conveyance,—and apparently was duly executed, acknowledged and delivered as required by law. This was sufficient. (*Kelly* v. *Parker,* 181 Ill. 49.) The grant of the fee was made with a reservation of a life estate to the grantor during his life. Such a reservation creates a strong presumption that the deed was intended to take effect immediately as a present conveyance of a future estate, for otherwise such reservation would be useless. (*Buck* v. *Garber,* 261 Ill. 378; *Riegel* v. *Riegel,* 243 id. 626; *Prince* v. *Prince,* 258 id. 304.) On a careful reading of the deed we think it operated as a present conveyance of the fee to the trustee, and that the grantor divested himself of all title and power to dispose of the same, except as to the life use of the property reserved to himself in the deed. Appellants concede that such was the effect of the conveyance as to the portion of the land conveyed to the trustee for burial purposes and the care, protection and maintenance of the same, and no question is raised as to the validity of that portion of the conveyance although the operative words of the deed are the same as to both tracts. It is difficult to see how the instrument can be sustained as a deed as to the portion devoted to burial purposes and be held void as a testamentary disposition as to the residue of the property. The instrument is to be construed as a whole and must stand or fall as such. If it is intended as a will and is void as a testamentary disposition of a portion of the property, it necessarily would be void as to all property embraced in the attempted conveyance. As to the portion conveyed to the trustee and his successors in trust for burial purposes and the maintenance of the same, there can be no question but that the title in fee passed at once to the trustee upon the execution and delivery of such deed, charged

with the condition of the trust imposed by that instrument. We think the same result follows as to the balance of the property.

It is further insisted that the intent that the instrument should operate as a testamentary disposition of the property is shown by the provision reserving to the grantor a life estate in the property so long as he lives, coupled with the provision that upon the death of Charles Luther Price before the death of the grantor the instrument should be void. From these provisions it is insisted it is manifest that what the grantor intended to do, and in fact did do, was to create a contingent life estate to take effect after the life estate reserved to the grantor, and shows that it was the intention of the grantor that no present estate should pass to the trustee upon the execution and delivery of the deed. In making this contention appellants are mistaken as to the language of the deed. It does not provide that the trust shall be void in the event the death of Charles Luther Price shall precede that of the grantor, but, on the contrary, provides only that the trust in so far as it concerns Charles Luther Price shall be void. In all other respects the trust created by the deed is to be valid and enforcible. The only effect of the death of Charles Luther Price before that of the grantor would be to terminate that portion of the trust which provided for his future support and maintenance. On the death of the grantor the trustee would be required to make a division of the property among the grandchildren of the grantor living at the time of the death of Charles Luther Price. No power was reserved to the grantor to make any other or further disposition of the fee in the event of the death of Charles Luther Price before that of the grantor. The absence of such provision, coupled with the further provision reserving a life estate to the grantor, we think clearly made the instrument operate as a present conveyance of the fee immediately upon the execution and delivery of the deed and relieves it of its testamentary char-

acter under the rule announced in *Oswald* v. *Caldwell,* 225 Ill. 224, and other cases cited by appellants. Deeds of this character are not void as attempted testamentary dispositions of property, as they take effect immediately upon the execution and delivery of such instrument and not upon the death of the grantor.

It is further insisted that the deed is void for the reason that the remainder-men who were to take upon the death of Charles Luther Price were not named in the instrument. In *Shackelton* v. *Sebrce,* 86 Ill. 616, *Latimer* v. *Latimer,* 174 id. 418, and *Craig* v. *Rupcke,* 274 id. 626, we held that an estate of freehold might be created to commence *in futuro* without the creation of an intermediate estate to support it, and in *City of Peoria* v. *Darst,* 101 Ill. 609, and *Stoller* v. *Doyle,* 257 id. 369, we held that a valid remainder might be limited to one who was not named in the granting clause, and that a contingent interest in the children of the grantee was created by a deed which directed that in case of the death of the grantee before that of his wife the wife should have the use of the land for her life and upon her death it should go to his children, if any were living. In the instant case the deed contained apt words of conveyance to vest the trustee with the legal title to the property for the purposes of the trust. Under the terms of the deed, the trust, as to this property, was to endure only during the lifetime of Charles Luther Price. Immediately upon his death the trust was to terminate and the property vest in the grandchildren of the grantor who survived the death of Charles Luther Price, and upon the termination of the trust such grandchildren became seized of the legal as well as the equitable estate in remainder in such property. (39 Cyc. 202, 203.) The bill makes the trustee, as well as the grandchildren and those of the great-grandchildren who have an interest in the unconveyed homestead estate, parties to the bill, and the court thus acquired jurisdiction of the persons of all parties who have

any interest in the property in controversy. Under the express terms of the deed the estate in remainder was only to vest in such of the grandchildren of the grantor as survived the death of Charles Luther Price. Henrietta Price, the widow and sole devisee of a deceased son of the grantor, and the great-grandchildren of the grantor, are not of that class. The decree directs partition of that portion conveyed to the trustee among the grandchildren of the grantor living at the time of the death of Charles Luther Price and of the homestead estate among all of the heirs of the grantor. This is in accordance with the rights of the parties.

The decree is right and will be affirmed.

*Decree affirmed.*