William Miller, Administrator of Estate of Mary E. Miller, Deceased, Appellee, v. George Allen and Edith Allen, Appellants.

Term No. 4905.

Opinion filed January 19, 1950. Released for publication February 20, 1950.

L. C. COMBE, of Greenville, for appellants.

GLEN B. WILSON and MEYER & MEYER, all of Greenville, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal on behalf of George Allen and Edith Allen, appellants (hereinafter called defendants) from a decree of foreclosure in the circuit court of Bond county, in favor of William Miller, administrator of the estate of Mary E. Miller, deceased, appellee (hereinafter called plaintiff). This cause comes before us on the pleadings, the orders of the court below, a stipulation of the facts, and the decree of foreclosure.

The facts disclose that Mary E. Miller, deceased, delivered a warranty deed to defendants, conveying a certain farm on which defendants had been tenants for more than twenty years, and as consideration the defendants paid down on the purchase price of the farm the sum of $1,000 in cash and delivered to the deceased a note (which was not found in the effects of the deceased), and a mortgage involved in this action for the balance of the purchase price, which note and mortgage were given in the principal amount of $5,975, payable at the rate of $40 per month. Incorporated in the note and mortgage was the following provision, ''no interest is being charged. Should mortgagee die before such payments are completed, the said note of this mortgage shall be considered as fully paid on the death of the mortgagee.'' The defendants went into immediate possession of the farm and made all the payments under the terms of the note and mortgage up to the time of the death of the said Mary E. Miller. The plaintiff, as administrator, filed his complaint in equity for foreclosure of the mortgage based upon a contention that the provisions with reference to the freedom from obligation to make further payments on the note in the event of death was testamentary in nature. A motion to dismiss the complaint was overruled and the parties to the cause entered into a stipulation of facts. The court below, after giving consideration to the pleadings and the facts, entered a

472

decree of foreclosure which in effect determined that the provision in the note was invalid and of no force and effect because of (a) lack of consideration, (b) that no valid gift *inter vivos* was made, and (c) that it was not a valid testamentary disposition of property.

Apparently the decision of the court below, as well as the contentions of the appellee in this case, are based upon the conclusions of the court in the case of *Jennings v. Neville,* 180 Ill. 270. In the *Jennings* case the deceased had executed and delivered to his son a deed to certain property, which recited a consideration and payment for which the son executed two notes, each specifying that they were noninterest bearing. On the same day the deceased executed a will, making a bequest to a daughter and to the children of another daughter, and to the children of another daughter, and also on the same day the deceased and his son entered into a new and separate written agreement which provided ''upon the death of the said Joseph Jennings, the father, the said Wilford M. Jennings, the son, shall pay the bequest made by the said Joseph Jennings in his last will and testament as follows, *viz:* to Emeline LaRue or her children, in case of her death, the sum of $1,200, as specified in said will, and to the children of Lucinda Janes living on the 6th day of December 1890, the sum of $1,000, as specified in said will, and when all of said payments shall have been made by the said Wilford M. Jennings, then the notes herein described shall be cancelled and delivered up to the said Wilford M. Jennings as fully paid up and discharged. The will referred to in the contract was destroyed and a second will was executed, which was also destroyed. No other will was executed.

The court, in the *Jennings* case, then held that the notes were executed to secure the payment of the purchase price and that Joseph Jennings attempted to make a testamentary disposition of sums of money to

the daughter and to the grandchildren, but not to take effect during the lifetime of the deceased; that the disposition of the property attempted to be made was not absolute, but testamentary in character, and since it was not in conformity with the statute relating to wills, was inoperative. The court also held that it could not be upheld as a gift *inter vivos* for the reason that it was not carried to completion by delivery of the subject matter of the gift.

We do not see a compelling precedent in the *Jennings* case, and the distinction between that case and the instant case is in our judgment very apparent. In the *Jennings* case the conclusion that a completed gift *inter vivos* had not been made, as moneys had not been delivered to the daughter or grandchildren, was obvious, and it could also be understood that the parties were attempting to put into effect a will which had been destroyed, by the separate agreement which was executed as between the parties. It was at the most a separate agreement to accept a lesser amount in satisfaction of a larger pre-existing obligation, which obligation was not conditioned in any manner at the time of its execution. In the instant case before us the note and mortgage contained the precise conditions relating to payment of such obligations. It was as if the note and mortgage contained a provision to pay in instalments of $40 per month (with no interest being charged) for the balance of the life of the holder of the note, but not in excess of the total principal amount specified therein. Under such facts, we do not believe that an attempted testamentary disposition is involved, nor do we feel that there is any exact precedent in this State. The *Jennings v. Neville* case, discussed *supra,* is distinguishable and in our judgment should not be taken as a precedent which should operate to defeat the intention of the deceased and the defendants, as clearly expressed in the note and mortgage

executed in conjunction with the transaction involving the purchase of the real estate.

While no exact precedent has been directed to our attention in the State of Illinois, we have noted certain precedents in other states in which courts have clearly concluded that a provision in an agreement between a vendor and a purchaser of property, that, if at the time of the vendor's death any sum should remain due and owing on a note and mortgage executed for part of the purchase price, such note and mortgage shall in such case be declared null and void, is not an attempted testamentary disposition of the note and mortgage (even though the vendor also states that he would so provide in his will). The courts have concluded that it is a valid contract, enforceable against subsequent creditors of a vendor, and have stated that the difference in effect between a contractual obligation and a testamentary disposition is that the contractual obligation presents a present, existing, enforceable and binding right over which the promissor has no control without the consent of the promissee, whereas in the case of a testamentary disposition it simply operates prospectively (and not in the present). It is ambulatory and is subject to change at the testator's whim until his death (*In re Lewis,* 2 Wash. (2d) 458, 98 P. (2d) 654, 127 A. L. R. 628; see also 127 A. L. R. 634).

In a review of the cases in other jurisdictions it appears that the weight of authority favors the validity of an agreement contemporaneous with a debt or legal obligation to the effect that the obligation be extinguished or terminated by the death of a creditor or obligee. This is fundamentally on the basis that the agreement constitutes a valid and enforceable contract as between the parties.

██ Essentially, this case is very clear in that it represents a simple contractual obligation undertaken between the deceased and the defendants. To permit

475

a court of equity which is required to look to the intention of the parties and to carry into effect such intention where possible, to disregard the specific provisions of a valid written instrument as between the parties thereto is, we believe, inconsistent with the law of this State (*Shadden v. Zimmerlee,* 401 Ill. 118). In absence of a decision precisely in point under the facts and the law by our Supreme Court, and in view of the substantial precedents which support the validity of the agreement represented by the note and mortgage in the instant case as between the defendants and the deceased, we must conclude that the court below erred in entering a decree of foreclosure in this cause.

We, therefore, conclude that the note and mortgage represented a contract binding upon the parties and that the court below should have allowed the motion to dismiss the complaint in this cause, and that an order dismissing such complaint should have been entered at plaintiff's cost. The decree of foreclosure will, therefore, be reversed, and this cause will be remanded to the circuit court of Bond county, with directions to allow the motion to dismiss plaintiff's complaint at plaintiff's cost.

*Reversed and remanded with directions.*

BARDENS and SCHEINEMAN, JJ., concur.