In the Matter of the Estate of Louis Reese, Deceased.
Walter Reese, Appellant, v. Anne E. Gerasch, Appellee.

Gen. No. 48,140.

First District, Second Division.

June 30, 1961.

Edward A. Sinden, of Chicago, for appellant.

Perry G. Callas, of Chicago, for appellee.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court:

Walter Reese, administrator of the estate of Louis Reese, deceased, appeals from an order of the Probate Court dismissing his petition for citation to recover assets from Anne E. Gerasch, respondent, alleged to be the property of the estate. The court certified on

the face of the order of dismissal that the value of the property in controversy exceeds $3000.00.

The petition for citation alleges that on June 9, 1954 Anne E. Gerasch, under the name of Ann Elizabeth Urbanek, executed an installment note in the sum of $20,000.00, together with a purchase money trust deed securing it and covering certain real estate in Cook County; that the note was payable in monthly installments of $150.00; and that the trust deed, together with the note, was owned by the deceased Louis Reese at the time of his death.

In her amended answer to the petition, respondent admits that the note and trust deed were executed, denied that the deceased was at the date of his death the owner thereof, and averred that the note was in her possession at the date of the death of Louis Reese, and belonged to her. More specifically, she avers that the trust deed, together with the note, was prepared by John J. Kucera, the designated trustee, who at the direction of Louis Reese and Minnie Reese, his wife, inserted on the face of the note, prior to its execution, the following inscription:

> "We, the undersigned are the legal owners and holders of this Note. It is our wish that in the event of our death this note which is signed and executed by our grand-daughter shall be declared paid in full whatever balance may be remaining";

that she executed the note in the presence of Louis and Minnie Reese, and that they in turn simultaneously signed the inscription and immediately delivered the note to respondent with instructions to deliver it to the trustee for cancellation should any balance be owing thereon when both Louis and Minnie Reese had died; that Minnie and Louis Reese died, respectively, on January 29, 1958, and March 2, 1958; that respondent had continued to make monthly payments on the note until the death of Louis Reese, at which time she

469

terminated her payments, in accordance with the terms of the note; that pursuant to the instructions contained in the note, she presented it to the trustee on September 20, 1958 for cancellation; and that it was canceled by the attorney for the estate on that date. The note, a copy of which was attached to respondent's amended answer, carries the following notation on its face: "By virtue of provisions herein contained and the deaths of Minnie Reese & Louis Reese, this note is delivered paid in full. Perry G. Callas, Attorney for Estate of Louis Reese, 9/20/58."

 As grounds for reversal, petitioner argues that the transaction involved was not a valid gift inter vivos but, rather, a testamentary device which did not conform to the provisions of the statute relating to wills (Ill Rev Stat 1959, c 3, art III). Since the case was fully heard in the Probate Court and no report of proceedings is contained in the record, we are bound by the findings of that court as to any factual determination. However, respondent does not claim that the note was a gift inter vivos, and therefore the weight of the evidence as to donative intent and delivery is not involved. Respondent rests her case on the validity of the agreement—that the obligation be extinguished or terminated by the death of the obligee—made contemporaneously with the debt, and cites Miller v. Allen, 339 Ill App 471, 90 NE2d 251 (1950), as being precisely in point. In that case, Mary E. Miller, the vendor, delivered a warranty deed to purchasers conveying a certain farm on which they had been tenants for over twenty years, and as consideration they paid $1000.00 in cash and delivered to vendor a note (not found in the effects of the vendor after her death) and a mortgage for the balance of the purchase price payable in installments of $40.00 per month. "Incorporated in the note and mortgage," said the court (p. 472) in stating the facts, "was the following provision, 'no interest is being charged. Should mort-

470

gagee die before such payments are completed the said note of this mortgage shall be considered as fully paid on the death of the mortgagee.' " Purchasers went into possession of the premises and made all the payments up to the time of the vendor's death. The administrator filed suit to foreclose the mortgage on the ground that the provision contained in the note with reference to the freedom from obligation to make further payments in the event of death was testamentary in nature. The trial court found for the administrator, holding that the provision in the note was invalid and of no force and effect because (a) it lacked consideration, (b) no valid gift inter vivos was made, and (c) it was not a valid testamentary disposition. The Appellate Court reversed the trial court, holding that the note and provision contained therein constituted a valid and enforcible contract between the parties. The court said (p. 474):

> "In the instant case before us the note and mortgage contained the precise conditions relating to payment of such obligations. It was as if the note and mortgage contained a provision to pay in instalments of $40 per month (with no interest being charged) for the balance of the life of the holder of the note, but not in excess of the total principal amount specified therein. Under such facts, we do not believe that an attempted testamentary disposition is involved . . . ."

Continuing further, the court observed (p. 475):

> "While no exact precedent has been directed to our attention in the State of Illinois, we have noted certain precedents in other states in which courts have clearly concluded that a provision in an agreement between a vendor and a purchaser of property, that, if at the time of the vendor's death any sum should remain due and owing on

471

a note and mortgage executed for part of the purchase price, such note and mortgage shall in such case be declared null and void, is not an attempted testamentary disposition of the note and mortgage (even though the vendor also states that he would so provide in his will). The courts have concluded that it is a valid contract, enforceable against subsequent creditors of a vendor, and have stated that the difference in effect between a contractual obligation and a testamentary disposition is that the contractual obligation presents a present, existing, enforceable and binding right over which the promissor has no control without the consent of the promissee, whereas in the case of a testamentary disposition it simply operates prospectively (and not in the present). It is ambulatory and is subject to change at the testator's whim until his death . . . ,"

citing In re Lewis, 2 Wash2d 458, 98 P2d 654, 127 ALR 628 (1940), and directing the reader to 127 ALR 634. The court commented that from a review of the cases in other jurisdictions it appears that the weight of authority favors the validity of an agreement contemporaneous with a debt or legal obligation to the effect that the obligation be extinguished or terminated by the death of a creditor or obligee, and held that this conclusion rested fundamentally on the basis that the agreement constitutes a valid and enforcible contract between the parties. In accord is Church of Jesus Christ of Latter Day Saints v. Scarborough, 189 F2d 800 (10th Cir 1951), which cites and relies on the Miller and Lewis opinions.

Petitioner seeks to distinguish the Miller case from the case at bar by contending that the inscription in the instant proceeding "is not a part of or provision of said Note as a payment limitation as was the fact in the Miller case, but is simply an expressed wish

or desire on the part of said Minnie Reese and Louis Reese, as the owners and holders," that upon their death "the Note be declared paid as to whatever balance remained due," and that "it was upon the basis of this provision and this provision alone that the Note was cancelled and a release deed to the property executed by John J. Kucera, the Trustee of the Trust Deed securing the payment of said Note. Clearly said inscription in said Note was not and cannot be considered as one of the provisions of said note governing or controlling the obligation of the respondent, the maker of said note, to pay in full the total principal amount provided in said note, and therefore, it is at best, an attempt by Minnie Reese and Louis Reese, the owners of the Note to make a testamentary disposition of the Note as to the balance remaining unpaid, effective only at [their] death . . . ." This is a distinction without a difference. To all intents and purposes the inscription in the Miller note conforms in substance and meaning to the note in the case at bar. It is significant that the note was delivered to respondent and remained in her possession until after the death of Louis and Minnie Reese. We regard the sound reasoning of the court in the Miller case as applicable to the facts here presented and hold that the order of the Probate Court was proper. It is therefore affirmed.

Order affirmed.

BRYANT, J., and BURKE, J., concur.