WILLIAM H. BERRY, Plaintiff-Appellant, v. O. L. BERRY et al., Defendants-Appellees.

(No. 74-384;

Fifth District—September 30, 1975.

Robert H. Rath, of Harrisburg, for appellant.

Harris and Lambert, of Marion, and George B. Lee, of Harrisburg, for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This case is an appeal from an order of the Circuit Court for the First Judicial Circuit of Illinois, Saline County, Illinois, granting the motion of the defendants-appellees, O. L. Berry, individually and as administrator of the estate of Kenneth Berry deceased, Delma Berry, Lee Arthur Berry and John K. Berry, to dismiss the complaint of the plaintiff-appellant, William H. Berry.

Kenneth Berry died October 16, 1971, intestate, a resident of Saline County. His estate was duly filed for administration and that proceeding was approaching the final accounting when the instant controversy began by the plaintiff-appellant's motion to stay any approval of a final accounting pending a determination of a complaint filed contemporaneously therewith. This motion was granted.

The complaint under consideration alleged in pertinent part: (1) that the plaintiff-appellant is an heir of Kenneth Berry, deceased; (2) that each of the defendants-appellees are heirs of the decedent; (3) that on June 22, 1964, the decedent and his widow, Delma Berry, made a warranty deed to Lee Arthur Berry and O. L. Berry of an undivided one-half interest in certain described real property; (4) that the following language appeared on the face of the purported warranty deed after the description:

"In consideration of the above conveyance, the grantees, Lee Arthur Berry and O. L. Berry, or their respective successors in title, are each to pay to the grantor, Kenneth Berry, the sum of Five Hundred Dollars ($500.00) each year for a period of eighteen (18) years, provided, however, if the said Kenneth Berry should die prior to the expiration of said eighteen (18) years, leaving the grantor, Delma Berry, surviving, then said yearly payments thereafter are to be made to the said Delma Berry; and provided further that upon the death of the survivor of said grantors, Kenneth Berry and Delma Berry, if the death of such survivor occurs prior to the expiration of said eighteen (18) years, then said grantees, Lee Arthur Berry and O. L. Berry, shall each of them, or their respective successors in title, pay each year during the remainder of said eighteen (18) year period, Two Hundred Fifty Dollars ($250.00) to William Harris Berry and Two Hundred Fifty Dollars ($250.00) to John Kenneth Berry";

(5) that these purported covenants included in the warranty deed are improper testamentary dispositions as they are not executed in con-

formity with the provisions of the Probate Act (Ill. Rev. Stat., ch. 3, par. 43).

The defendants-appellees filed a motion to dismiss the complaint for failure to state a cause of action. This motion to dismiss was granted, the stay of the final accounting was terminated, and the estate was closed. This court is concerned on this appeal with that order granting the motion to dismiss for failure to state a cause of action.

Appellees begin their brief with the argument that because the complaint does not allege that the defendant owned any interest in the realty no cause of action is stated, for if in fact the decedent had no interest his estate could not, *prima facie*, claim one. While Illinois is not a notice-pleading State, likewise it is not a fact-pleading State. (*Cf.* Ill. Rev. Stat., ch. 110, pars. 33(1), 40(1), 42.) To that end, in Illinois, "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties." (Ill. Rev. Stat., ch. 110, par. 33(3).) And "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." (Ill. Rev. Stat., ch. 110, par. 42(2).) Finally, "[a]ll defects in pleadings, either in form or substance, not objected to in the trial court are waived." (Ill. Rev. Stat., ch. 110, par. 42(3).) Very little liberal construction is necessary to ascertain the basis of appellant's complaint and the defendants-appellees were reasonably informed as to the nature of appellant's claim. Appellees' motion to dismiss did not raise an objection to this alleged defect. Thus, irrespective of the complaint's sufficiency in this regard, appellees cannot raise such an alleged defect in the initial instance on the appellate level. We, therefore, reach the merits of this cause.

At the outset it is important to note that the appellant does not contend that the deed itself is an improper testamentary disposition. The parties are in agreement that this document properly passed the title of the described realty to the within named grantees. With this consensus we agree. The instrument names grantors and grantees, there is a valid consideration recited, apt words of conveyance are present, and the document appears to have been duly executed, acknowledged and delivered as required by law. (*Young v. Payne*, 283 Ill. 649, 654, 119 N.E. 612; Ill. Rev. Stat., ch. 30, par. 8.) Thus, it is an instrument properly denominated a deed and which successfully passed title to the named grantees.

Appellant's argument is more subtle. He begins with the proposition that any instrument which purports to be of a testamentary nature must comply with the requirements of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 1 *et seq.*) in order "to be valid and to effectively accomplish

the purpose of the testator in conveying property." He then argues that, while this instrument is sufficient as a deed to transfer title to the real estate, the subsequent language therein is of a testamentary nature, *i.e.*, a purported conveyance of a debt at death. Thus, he concludes, because the instrument is not executed with the formality of wills, the purported conveyance of a debt is invalid and the debt is an asset of the estate here subject to the rules of intestacy. Appellant then discusses a number of cases to illustrate his position.

While this precise question appears to be one of first impression in Illinois, we conclude that appellant's contention is not supported by law. Thus, as a matter of law the complaint fails to state a cause of action, and the order of the trial court granting the motion to dismiss the complaint is affirmed.

Irrespective of what, if any, semantic label is attributed to this payment provision, the cases in Illinois have consistently held that questions such as these are ones of control. If an individual fully, and in fact, parts with the control of an object, real or personal, then the conveyance is not in the nature of a testamentary disposition. If, on the other hand, an individual purports to part with the control of an object, real or personal, while actually retaining the power to revoke the transfer unilaterally until his death, then the conveyance is in the nature of a testamentary disposition and subject to the requirements of the Probate Act. A close reading of the cases discloses this determinative factor of control.

In *Jennings v. Neville*, 180 Ill. 270, 278, 54 N.E. 202, a father gave a deed to his son reciting a consideration of $6619.20. The son then executed two notes, one for $3310 due one year after date, and one for $3309.20 due two years after date. On the same day the father and the son executed a separate agreement providing that upon the father's death the son would pay two bequests in the father's will totalling $2200, upon which event the two notes would be cancelled and delivered to the son. The father contemporaneously therewith executed a proper will naming the two beneficiaries. Subsequently, however, the father destroyed the will and died intestate. The court held that the separate agreement executed by the father and son was an improper testamentary disposition of the notes, $2200 to two named persons and the remainder to the son. The court stated that:

> "The disposition of the property [the notes] attempted to be made was not absolute, but was executory and testamentary in character." (180 Ill. 270, 280.)

By destroying his executed will and dying intestate the father in fact changed the disposition of the notes unilaterally from the two named persons and the son. However, the fact that he retained the ability to do

so was determinative of the question of the testamentary or nontestamentary nature of the instrument.

In *Comer v. Comer,* 120 Ill. 420, 11 N.E. 848, a husband had deposited a number of U. S. bonds with a firm. He then placed a writing in the hands of the firm which provided in pertinent part:

> "* * * I hereby assign to my wife, Harriet Comer, $6000, she to draw the interest of the same, you keeping possession of the same * * * to remain in your hands, my wife to draw the interest until her death, have no control of the principal, so far as disposing of them is concerned,—the bonds, at my death, to revert to my heirs.
>
> The above assignment to take effect at my death, I controlling them in the meantime."

The husband died intestate leaving his widow and two sons as his only heirs. The widow collected the interest for her life and died testate leaving all the bonds to one son. The other son died and his estate's administrator sued to determine the rights of the parties. The court found that:

> "Here there was no absolute disposition of the bonds by the writing, but Samuel Comer retained the control and disposition. * * * This is not an absolute disposition of property—an executed contract—but rather an executory contract, testamentary in character." (120 Ill. 420, 428.)

Since at any time prior to his death the husband retained the power to unilaterally change the disposition at death of the bonds, the instrument was of a testamentary nature and thus was invalid as it failed to comply with the Probate Act.

The case of *Miller v. Allen,* 339 Ill.App. 471, 90 N.E.2d 251, is, we believe, strongly illustrative of this general proposition. There the grantor delivered a proper warranty deed to two grantees, who in consideration therefor made a down payment and executed a mortgage and note. Incorporated in the mortgage and note was a provision that, should the grantor die before the payments were complete, the mortgage and note would be considered fully paid on the grantor's date of death. The administrator of the grantor's estate sued the grantees to foreclose the mortgage for nonpayment alleging that that portion of the note and mortgage providing for treatment of those instruments as fully paid on the event of the grantor's death was an improper testamentary disposition as it was not executed with the formalities required by the Probate Act. The court, however, found that this provision was not an improper testamentary disposition holding as the reason therefor that:

> "The courts have concluded that * * * [such a provision] * * * is a valid contract, enforceable against subsequent credi-

tors of a vendor, and have stated that the difference in effect between a contractual obligation and a testamentary disposition is that the contractual obligation presents a present, existing, enforceable and binding right over which the promissor has no control without the consent of the promisee, whereas in the case of a testamentary disposition it simply operates prospectively (and not in the present). It is ambulatory and is subject to change at the testator's whim until his death. (*In re Lewis*, 2 Wash. (2d) 458, 98 P. (2d) 654, 127 A.L.R. 628; see also 127 A.L.R. 634)." (339 Ill.App. 471, 475.)

Also see for the same general proposition *In Re Estate of Reese*, 31 Ill. App.2d 468, 176 N.E.2d 636; *Church of Jesus Christ of Latter Day Saints v. Scarborough* (10th Cir. 1951), 189 F.2d 800.

In the case at bar, the provisions in question were contained in the instrument at the time it was executed. Appellant does not suggest that there was a lack of a valid delivery; thus, the inference of delivery raised by the notation of recording on the face of the instrument stands. It is clear that the instrument was accepted by grantees and that grantees are under an enforceable obligation to complete the payments as set forth therein. (*Carder v. Hughett*, 243 Ill.App. 170.) Likewise, it is clear that the grantees have a present, existing, enforceable and binding right to the title to this real estate. Finally, we find that this right of the grantees to the title of this real estate, and their correlative duty to make the payments as set forth therein, are rights and duties over which the grantor had no unilateral control after execution without the consent of the grantees. Therefore, the nature of this instrument is nontestamentary and not subject to the requirements of formality in execution set forth in the Probate Act.

Neither party has attempted to impress this instrument with the attributes of a trust, although many of the cases cited involve questions with regard to trusts. Clearly this is not an express trust nor are the facts alleged sufficient to find either a constructive trust or a resulting trust, consequently, the principles applicable to the law of trusts are not here considered.

Affirmed.

KARNS and CARTER, JJ., concur.